## DUNCAN *v*. WHEDBEE.

1. In the probate courts of certain counties named in the statute (R. S., p. 527, § 32) a party failing to demand a trial by jury will be deemed to have waived it.

2. A declaration describing the plaintiff in its commencement in a representative capacity, but concluding the *ad damnum* averment to himself personally, *held*, fatally defective on error after plea pleaded.

3. Where a judgment exceeds the *ad damnum* laid in the declaration, a remittitur of the excess may be entered in this court.

*Error to Probate Court of Weld County.*

ASSUMPSIT. The declaration was as follows:

"Benjamin F. Whedbee, administrator of all and singular the goods and chattels, rights and credits, which were of M. R. Wills, deceased, at the time of his death, who died intestate complains of Frank E. Moyer and Elisha Duncan, the defendants, in a plea of trespass on the case on promises; For that whereas the defendants on the 14th day of February, A. D. 1868, at Fort Lupton, Weld county, Colorado Territory, aforesaid, made their promissory note in writing, and delivered the same to the plaintiff and thereby promised to pay the plaintiff the sum of eight hundred and eighty-two dollars and fifty cents, on or before the first day of January, A. D. 1869, after date thereof, which period has now elapsed, and the defendant then and there, in consideration of the premises, promised to pay the amount of said note to the plaintiff, according to the tenor and effect thereof. Yet they have disregarded their promises and have not paid the said note, to the damage of the said plaintiff of nine hundred and fifty dollars. and he therefore brings suit, etc.

By J. M. SMITH, *Plaintiff's Attorney*.

Copy of note attached to declaration for $882.50, payable first day of January, 1869, to Hugh T. Munson, administrator," etc. Plea of non-assumpsit.

It appears by the record that the cause was continued

from April, 1872, to June following, and again continued to the October term, 1872, at which time the defendant, failing to appear, the issue was tried by the court and the following order made of record :

"And now on this day comes again the said plaintiff, by Jesse M. Sherwood, Esq., none appearing for said defendant, and the court having heretofore heard and considered the evidence produced to maintain the said issues, and the court being now sufficiently advised in the premises, doth find the said defendant is justly indebted to the said plaintiff in the sum of eleven hundred and fifty-two dollars and forty-nine cents. Therefore it is considered that the said plaintiff have and recover of and from said defendants eleven hundred and fifty-two dollars and forty-nine cents, together with his costs in this behalf, expended, taxed at —— and have execution therefor."

To reverse this judgment Duncan sued out this writ of error.

Messrs. MILLER & CLOUGH, for plaintiffs in error.

Messrs. BERKLEY & PRICE, for defendant in error.

THATCHER, C. J. In July, A. D. 1871, the plaintiff below sued as administrator, etc., of M. R. Wills. The defendants appeared by their attorneys and filed the general issue. When the cause was called for trial the defendants failed to respond. But defendants' attorneys had neither withdrawn their plea, nor by leave of court, their appearance. The court, without the intervention of a jury, tried the issue of fact raised by the pleadings. As the damages rested in computation, in our opinion the defendants by withdrawing from the field when the case was called for trial may be deemed to have consented, as it was competent for them to do, to a submission of the issue to the court alone. Section 32, of chapter 71, R. S., provides that no petit jurors shall be summoned to attend the terms of the *probate* courts in certain counties (Weld county among the number) therein

named as provided in relation to the district courts, but in all causes in the said probate courts, if either party shall demand a jury, the clerk of such court shall issue a *venire* therefor. No such demand was made, and it is fairly inferable from the conduct of the defendants that a jury was waived.

The declaration is defective, in that the plaintiff therein sues in his representative capacity, but concludes the *ad damnum* averment to himself personally, and not in his representative capacity. It is impossible to determine whether the recovery is sought by him as administrator, or in his own right. It departs in other respects from approved precedents. The plaintiff will have leave to amend his declaration as he may be advised.

The judgment of the court below was for eleven hundred and forty-two dollars and forty-nine cents. The plaintiff claimed in the *ad damnum* only nine hundred and fifty dollars. The defendant in error has filed a remittitur for so much of the judgment as is in excess of the *ad damnum*.

This court has frequently sanctioned this practice. *Winne, Cooper, et al.*, v. *Colorado Spring Co.*, 3 Col. 155 ; *City of Central* v. *Wilcoxen*, id. 655.

The judgment of the court below will be reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*