## CITY OF PUEBLO v. GRIFFIN.

Where it is sought to recover such damages as are not the usual and natural consequences of the wrongful act complained of, such damages must be specifically set forth.

*Appeal from District Court, Pueblo County.*

THE facts are stated in the opinion.

Messrs. CHAS. E. GAST and C. C. STEIN, for appellant.

Messrs. STONE and ANDERSON and C. A. LOTT, for appellee.

MACON, C. This was an action by appellee against appellant for the recovery of damages for personal injuries occasioned by a defective sidewalk in the city of Pueblo. In his complaint appellee alleged that the sidewalk was in a dangerous condition, to the knowledge of the city, and that in passing along it he received injuries which crippled him permanently, causing great bodily and mental suffering, and entailing an expense of $50 for medical services, with loss of time in his business. Appellant answered, and put in issue all the material allegations of the complaint. On the trial appellee showed that at the time of his injuries he was keeping an eating-house in Pueblo, and, against appellant's objection, was permitted to show that he performed the labor of three men in his business, by reason of which his monthly profits therein amounted to from $75 to $100, clear of expense. Appellant duly excepted to the admission of this evidence. The jury returned a verdict against appellant for $1,500. A motion for a new trial was filed by appellant and overruled, to which ruling exceptions were duly taken and an appeal to this court. Only one error is relied upon here, that based upon the admission of improper evidence.

The objection to the admission of the evidence should

have been sustained by the court below. The complaint is one for general damages only; such as the law will imply from the act or injury itself. The distinction between general and special damages is well understood in legal practice, and has frequently been defined by this court, as well as the pleadings applicable to the two classes of damages. The object of pleading being to apprise the opposite party of the nature of the claim or defense against him, as well as its extent, it is uniformly held that a statement of the injuries, with an averment of a sum as the damage, will authorize the recovery of such damages only as naturally and ordinarily follow from such injuries; but if from any peculiarity in the circumstances or situation of the injured party other loss accrued to him thereby, such peculiarity must be alleged and proven, to justify the recovery of such damages. In *Tucker v. Parks*, 7 Colo. 62, this court say: "Referring now to the extent of the recovery, we remark that damages may be general or special; and that, while an averment simply specifying the amount claimed, as in this complaint, is sufficient for the recovery of general damages, it is insufficient to warrant the recovery of special damages. Where it is sought to recover such damages as are not the usual and natural consequences of the wrongful act complained of, the rule is that they must be specifically set forth, that the defendant may have notice of the facts out of which they are claimed to have arisen, and that he may not be taken by surprise on the trial." A large array of other cases to the same effect might be cited, but the rule is so clearly stated in the case referred to that it is unnecessary so to do.

The testimony admitted, over the objection of appellants, went to show that, from the peculiar habits, skill and industry of defendant in error, he was able to earn more than if he had conducted his business on a more expensive scale, and had done the work of one man only,

and hired two others, which in his business he states it was usual to do; but by dispensing with the labor and expense of two men his profits were from $75 to $100 per month. Under his general averment, plaintiff might have shown what his business was, and its extent, together with his general ability to earn money. But it was inadmissible for him to show the profits of his business as a measure of damage. Proof of profits as a measure of damage, in cases in which they are recoverable, must be specially averred. In this case the profits of plaintiff's business, as shown by him, were not the result of the labor of plaintiff alone, but were, at least in part, composed of other elements, and from the uncertainties and fluctuating nature of such business could not be the basis for the estimation of damages in a case like this.

The point made by the defendant in error, that though there may have been error in admitting this testimony, yet the verdict might well have been rendered as one for general damages, and upon that ground would not have been excessive, is unsound. We cannot assume that the verdict was not influenced by the evidence given in the case, and certainly not that the jury were more circumspect in acting on the evidence than the court was in admitting it. For this error the judgment of the district court must be reversed.

We concur: RISING, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*