[No. 5163.]
[No. 2764 C. A.]

The Union Pacific Railroad Company v. Shovell.

1. **Damages—Fellow-Servants—Evidence.**

In an action for injuries received, evidence reviewed and held insufficient to establish the relation of fellow-servants.— P. 437.

2. **Damages—Evidence Sufficient to Sustain Negligence.**

In an action for injuries received, evidence reviewed and held sufficient to establish that plaintiff was injured by the negligence of defendant's employee.—P. 441.

3. **Damages—Evidence—Admissibility Under Pleadings.**

In an action for injuries received, the complaint alleged that on account of the injuries plaintiff had been unable to work from the time of the injury, had been confined to the hospital, had suffered great pain and agony, had been crippled for life, and for a long time would be wholly incapacitated from performing any labor, to his injury in a certain sum. Held, that such allegations are sufficient to admit proof of plaintiff's earning capacity and the character of his occupation.—P. 442.

4. **Practice in Civil Actions—Instructions in the Absence of Specific Request.**

In an action for injuries received on account of alleged negligence of defendant's employee, an instruction that if the injury was the result of the overturning of a refrigerator on account

of the truck upon which it was being wheeled striking against an upraise between the running board and the floor of defendant's van, yet if this upraise was known to defendant's employee, or by the exercise of ordinary care and caution ought to have been known, and the overturning of the refrigerator was due to the want of due care and caution of such employee, the defendant would be liable even though the van and running board were furnished by plaintiff's employer, is not objectionable on the ground that the element of discovery of the obstruction in time to avoid the injury is left out, in the absence of a specific request covering such point.—P. 444.

*Appeal from the District Court of Arapahoe County.*
*Hon. John I. Mullins, Judge.*

Action by J. A. Shovell against The Union Pacific Railroad Company. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Messrs. Teller & Dorsey, for appellant.

Messrs. Allen & Webster, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

J. A. Shovell, as plaintiff, brought an action against The Union Pacific Railroad Company, as defendant, to recover damages resulting from a broken leg, which he claimed was caused by the negligence of an employee of the railroad company. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

The first point made by counsel for defendant is, that the plaintiff and the person at whose hands he sustained the injury were fellow-servants. From a careful consideration of the testimony as disclosed by the record, we are convinced that the relation of fellow-servants did not exist between plaintiff and the employees of defendant.

It is urged by counsel for defendant that the proximate cause of the injury was not the negligence

of its employees, and that the plaintiff was guilty of contributory negligence. These will be considered together, because they practically involve the same question, and a consideration of the same testimony introduced at the trial.

The defendant employed one Rogers to haul a number of refrigerators from its freight depot to the Denver Public Warehouse. Plaintiff was employed by Rogers as the driver of one of his moving vans, and was sent with a van to the freight depot of the defendant to secure a load of these refrigerators. He placed the van in front of the depot door, with the rear, which is the open end, against the door. Men were furnished by defendant to assist the plaintiff in loading the van. The floor of the van was from 1½ to 2 feet above the depot floor. One of the refrigerators was "ended in," as it is termed, when it was suggested that the running board of the van be placed in position so the refrigerators could be run directly into the van upon the trucks by means of which they were brought from the place where they stood in the depot to the van. There is some dispute as to whether this suggestion came from the plaintiff or was made by the employees of the defendant. The plaintiff assisted the persons helping him to put this board in place. This board was about 10 feet in length, and when placed for use, one end rested upon an appliance fastened underneath the floor of the van at the rear, and the other end on the depot floor, or platform, thus forming an inclined runway into the van. Owing to the fact that the board is supported underneath the floor of the van, there is a shoulder, or off-set, between the face of the running board and the floor of the van sufficient to create a considerable jar to a truck running against and over it. There is a dispute in the testimony as to whether or not a piece of board was so placed at

the upper end of the running board that the wheels of the truck would pass from the board into the van without much of a jar. The van is from 12 to 13 feet in length, and between 6½ to 7 feet wide on the inside. After the board was in place the plaintiff entered the van and placed the refrigerator, which had been ended in, against the front end of the van. This refrigerator was about 2 feet thick, and he testified that he was standing close to, or against it, placing it in position against the front and side of the van with his back to the rear, when the second refrigerator, the one which fell upon and against him, was trucked into the van by an employee of the defendant, to a point about half the distance of its inside length, and there dumped, with the result that it fell upon and against him, breaking his leg. This refrigerator weighed several hundred pounds. He says the man who trucked it into the van said to him, immediately after he was hurt: "I did not think it would fall on you when we dumped it. I didn't think it would reach you when I dumped it."

The testimony of the plaintiff with respect to the position of the second refrigerator in the van is corroborated by another witness. It appears from the testimony that the floor of the van was smooth; that the refrigerator was upon a truck ordinarily used for carrying such loads, and that, if it was inside the van upon the truck, the exercise of reasonable care and prudence would have prevented it from being overturned, when deposited from the truck.

On behalf of the defendant, there is testimony to the effect that the wheels of the truck struck the offset between the face of the running board and the bottom of the wagon, causing the handles of the truck to fly up, and the refrigerator to tip forward upon and against the plaintiff. Plaintiff had been in the employ of Rogers for some time, and had frequently

used the running board in loading the van. The employee of the defendant who trucked the second refrigerator testified, substantially, that the refrigerator stood on its legs in the house, and in loading, was tilted forward and the blade of the truck run under it, and it was then pushed on the truck, lying on its back, and held up by the blade. He says:

"I started up the running board, and the refrigerator being so big I could not see when I got to the end of the wagon, and as I came up, why, there was an off-set of about 2 inches.

"Q. What do you mean by an off-set?

"A. Well, that was the bed of the wagon, the bottom of the wagon, and as I came up with the truck, the wheels struck that, and the ice-box tilted over and fell forward."

Upon this record it is argued by counsel for the defendant that the refrigerator was thrown against and upon the plaintiff by reason of the wheels of the truck striking the off-set between the running board and the floor of the van; that this obstruction was known to the plaintiff, and was upon a contrivance under his own control, and, therefore, that the proximate cause of the injury was the existence of this obstruction, and, plaintiff, having knowledge thereof, was guilty of contributory negligence.

There is a dispute in the testimony as to what caused the refrigerator to fall over and against the plaintiff, he testifying, in substance, that it was dumped from the truck inside the van, while witnesses on behalf of defendant testify that it was thrown from the truck by the wheels striking the shoulder between the floor of the van and the running board. There is also a conflict in the testimony as to whether or not a board had been placed in such a position as would enable the wheels of the truck to pass from the running board into

the van without considerable jar. The plaintiff says he was near the front end of the van, which was between 12 and 13 feet in length. The offset referred to by the witness wheeling the refrigerator was at the extreme rear. This court has frequently decided that in an action for personal injury, when there is a conflict in the testimony with respect to the cause of an occurrence, which, it is charged, resulted from negligence, or where there is a conflict in the testimony on the question of the contributory negligence of the person injured, or where the question of the negligence of the defendant, or the contributory negligence of the person injured, is dependent upon inferences to be drawn from acts and circumstances of a character that different minds might honestly reach different conclusions, it is for the jury to determine, under appropriate instructions, whether or not negligence, or contributory negligence, has been established.

At the close of plaintiff's testimony a motion for nonsuit was interposed, based upon the ground that the plaintiff had wholly failed to sustain the burden imposed upon him of proving defendant's negligence. This motion was denied. Counsel for defendant say that mere proof that plaintiff sustained an injury is not enough; that negligence must be proved, or at least some facts must appear from which negligence can legitimately be inferred, and that mere proof that the refrigerator fell over and on the plaintiff is not enough to establish negligence on the part of the defendant. There are many instances in which mere proof of an occurrence is not sufficient from which to infer negligence, but we do not think the case at bar falls within this rule. There is evidence on the part of the plaintiff which, if believed by the jury, was sufficient to establish that the employee of the defendant was guilty of

negligence, or the refrigerator would not have fallen upon the plaintiff. The floor of the van was smooth; the refrigerator was upon a truck ordinarily used for carrying such loads, with a blade at the end to prevent the refrigerator from slipping off while being wheeled. There was testimony to the effect that, with reasonable care and prudence, there was no necessity of the refrigerator being overturned when deposited from the truck, and that it was dumped from the truck about the center of the van, and from this point fell against the plaintiff. The plaintiff says he was near the front end of the van when the refrigerator fell upon him. We think this is sufficient from which to infer negligence, although the plaintiff did not see just how the employee of the defendant discharged the refrigerator from the truck. Evidence of negligence need not be direct and positive. Circumstantial evidence is sufficient, provided it is sufficient in connection with other facts and circumstances to satisfy the unprejudiced mind that the occurrence charged as resulting from negligence would not have happened except for negligence.—Shearman & Redfield on Negligence (5th ed.), § 58. The court did not err in denying the motion for nonsuit.

It is next urged that the court erred in permitting the plaintiff to testify regarding his earning capacity and the character of his occupation, because such testimony tends to prove special damage, and there was no allegation in the complaint of such damage. The complaint, after stating the facts upon which the negligence of the defendant is based, stated: "Thereby breaking the right leg of plaintiff and greatly injuring the plaintiff, so that the plaintiff has been wholly incapacitated for work of any kind from thence hitherto, and has been confined in a hospital, and has suffered great pain and agony by

means thereof, and will, for a long time yet to come, be wholly incapacitated from performing any labor, and has thereby been crippled for life, to his injury in the sum of nineteen hundred dollars.''

When it is sought to recover damages which are not the usual and natural consequences of the wrongful act complained of, the rule is that they must be specifically set forth, so the defendant may have notice of the facts out of which they are claimed to have arisen, and not be taken by surprise on the trial. It is not necessary to determine whether the damages claimed by plaintiff because of incapacity to work are general or special. The question simply is, Do the averments of the complaint sufficiently advise the defendant that damages are claimed because the plaintiff was incapacitated for work as the result of the wrongful act of the defendant? We think they do. It is alleged in effect, that the plaintiff was unable to work from the time of the injury and will, for a long time yet to come, be wholly incapacitated from performing any labor, and on this account, in connection with other conditions resulting from having his leg broken, has been damaged in the sum claimed in his complaint. This certainly advises the defendant that damages are sought to be recovered because of the plaintiff's incapacity to perform labor.—*City of Pueblo v. Griffin,* 10 Colo. 366; *City of Bloomington v. Chamberlain,* 104 Ill. 268; *Wade v. LeRoy,* 20 How. (U. S.) 34; *Belcher v. Manhattan Ry. Co.,* 1 N. Y. Supp. 349; *Ehrgott v. City of New York,* 96 N. Y. 264.

Doubtless it would have been better pleading for the plaintiff to have set forth his business or occupation; but that was not necessary in the absence of a motion by the defendant to make his complaint more definite and certain in this respect—*Luck v. City of Ripon,* 52 Wis. 196.

In *Wade v. LeRoy, supra,* it was held by the supreme court of the United States (quoting from the syllabus) :

"In an action against the owners of a ferry boat for personal injuries sustained by the negligence of its officers, it was held that the plaintiff might show that he was engaged in a particular business, and had been incapacitated from attending to it, as exhibiting the extent of the injury, and that it had occasioned expense, suffering and loss of time which had value to him, although the nature of his occupation was not set forth in the declaration."

There is a marked distinction between the case at bar and those cited by counsel for appellant, wherein it was held that under a claim for damages on account of loss of time, testimony was not admissible to prove damages resulting from inability to keep a special business engagement.

The Missouri cases cited by counsel for appellant are not in point, for the reason that the decisions in those cases were based upon the proposition that an allegation that the party injured was incapacitated from work would not permit evidence to be introduced for the purpose of proving damages on this account, in the absence of a claim for damages because of such incapacity. Some of the cases cited by counsel for appellant may sustain their position, but if they do, we decline to follow them in view of the decision of the supreme court of the United States above cited, and what was said by this court in *City of Pueblo v. Griffin, supra.* See, also, *Denver Electric Co. v. Lawrence,* 31 Colo. 301.

The final question presented relates to an instruction to the effect that if the jury believe from the evidence that the injury sustained by the plaintiff was the result of the overturning of the refrigerator through the truck upon which it was being

wheeled striking against the upraise between the running board and the floor of the van, yet if this upraise was known to the defendant's employee handling the truck, or by the exercise of ordinary care and caution ought to have been known, and that the overturning of the refrigerator by reason of the truck striking the upraise was due to the want of due care and caution upon the part of the employee handling the truck, the defendant would be liable, even though the van and running board were furnished by the employer of the plaintiff.    The particular objection urged to this instruction is that the element of discovery of the obstruction in time to avoid the injury is left out.    The instruction is not objectionable on this account, in the absence of a specific request covering the point made by counsel.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.