[No. 5325.]
[No. 2965 C. A.]

DOWNING V. ERNST.

1. **Appellate Practice—Presumptions—Jurisdiction.**

   Where the trial court had jurisdiction of the subject-matter, it will be presumed on appeal that it determined all questions necessary to enable it to properly pronounce judgment.—P. 139.

2. **Appellate Practice—Alleged Errcrs Not Assigned or Argued —Not Determined on Appeal.**

   Where there is no assignment of error and no argument submitted concerning a disputed question, it will not be determined on appeal.—P. 140.

3. **Appellate Practice—Admission of Evidence—Evidence Not Considered—Harmless Error.**

   Where it affirmatively appears from the record that the court's findings were not based upon certain evidence admitted over objection, such ruling does not constitute reversible error. —P. 140.

4. **Practice in Civil Actions—Trial to Court—Special Findings of Law—Inapplicability to Facts—Refusal.**

   In an action for specific performance, where the court found that no contract existed, it was not error to refuse to make rulings of law concerning alleged fraud and deceit used in obtaining it, since no facts existed to which such rulings could apply.—P. 141.

5. **Appellate Practice—Findings Based on Conflicting Evidence —Not Disturbed on Appeal.**

   Where there is sufficient evidence to support the judgment, findings based upon conflicting evidence will not be disturbed on appeal.—P. 142.

*Appeal from the District Court of Arapahoe County (now City and County of Denver).*

*Hon. P. L. Palmer, Judge.*

Action by Warwick Downing against Richard P. Ernst. From a judgment of the district court for defendant, on appeal by him from a judgment of the county court for plaintiff, plaintiff appeals.

*Affirmed.*

. Mr. J. M. ELLIS and Mr. W. M. DOWNING, for appellant.

Messrs. CRANSTON, PITKIN & MOORE, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Bill for specific performance filed in the county court of Arapahoe county (now city and county of Denver) by the appellant, as plaintiff below, alleging that the property involved in the controversy did not equal or exceed two thousand dollars ($2,000), and further alleging, in substance, that on September 20, 1900, plaintiff attended an auction sale of certain property with the purpose and intention of bidding for and purchasing, if possible, at such sale a certain twenty acres of land described in the notice of, and included in, the property offered for sale at such time; that the property was sold under an order of the U. S. district court by a receiver; that the same was offered to bidders in separate parcels and then bids were requested upon all the property, the bids so to be received to be submitted to the U. S. court at a future time for acceptance and confirmation; that plaintiff bid seven hundred and twenty-five dollars ($725.00) for the land in controversy; that, at the time of such bid, the appellee, who was defendant below, entered into an

agreement with plaintiff not to bid a higher sum for said property, and that, in the event he (the appellee), who was intending to bid on all the property, should have his bid accepted, he would notify plaintiff and turn over to plaintiff the right to buy and pay for the said twenty acres in controversy such sum as it would cost him, and being its proportion of the amount paid for all the property purchased; that he, the defendant, by his fraud, misrepresentation and deceit, prevented the plaintiff from bidding higher for the said property; and, that the property was obtained by the defendant, who thereafter refused to carry out his contract and convey the said twenty acres to the plaintiff. The plaintiff in his complaint prays for specific performance of the agreement, and that the defendant be declared a constructive trustee for the use of the plaintiff as to the title of the said twenty acres, and that he be ordered to sell and convey the same to the plaintiff because of the contract aforesaid.

The answer of the defendant denies that he made such a contract, and sets up the statute of frauds as a third defense.

Plaintiff obtained judgment in the county court.

Defendant took an appeal to the district court. The trial was had to the court, a jury being waived. The district court found for defendant on all the questions presented, and says in its findings: "I am bound to find from the evidence heard that such a contract was not made." There was a judgment for defendant. The case reaches this court on an appeal by plaintiff from such judgment.

It is alleged that the trial court erred in finding for defendant without determining the question of jurisdiction. The court below had jurisdiction of the subject-matter. The presumption must obtain that it determined all questions necessary to

enable it to properly pronounce judgment. The record discloses that the defendant raised a jurisdictional question. Plaintiff contended for the jurisdiction, and the ruling of the court so far as made was in his favor, but the question is not presented to this court for determination. There is no assignment of error, that the district court had not jurisdiction to pronounce the judgment, nor is there any argument submitted upon this question.

There are some assignments that the court erred in admitting certain testimony. The objection to the admission of testimony was not in all cases so presented as to entitle appellant to a review, the reason for the objection not being fully stated, but an examination of the testimony introduced convinces us that the same was properly admitted. This was a bill in equity to compel the performance of an alleged contract, and this testimony related to matters which happened in connection with the transaction. We think the trial court properly received evidence concerning all matters in connection with the contract, but at any rate the admission of the same in nowise prejudiced the appellant. It is apparent that such evidence did not control the court in any manner in pronouncing judgment, and that the court's findings are not based upon such evidence affirmatively appears by the record.

After the findings of the court, counsel for appellant prepared and presented certain rulings of law and requested that they be given by the court, and he further requested that the court make findings of law and facts separately and specifically. The court made some rulings, as requested, and refused others and mainly upon the ground that they had no application to the case at bar, and refused to make further findings of fact than it had already made. The court having found upon

the evidence that there was no contract, which was the basis of the plaintiff's case, such rulings were unnecessary and could have no application to the questions involved. Nearly all of the assignments of error are in connection with the court's refusal to make such rulings or any further findings than it had already made, and the main argument of appellant is directed to such refusal. It is not shown by appellant that such refusal is reversible error, nor that his rights are in any way prejudiced by such action of the court below. Even if the appellant was entitled in a proper case to such rulings as contended for, we do not find that the court would be bound to make such findings of law and instructions to itself under the circumstances of this case. There are no facts presented to which the rulings as requested could apply.—*Hart v. Green et al.*, 16 Colo. App. 70; *Curran v. Rothschild*, 14 Colo. App. 503; *Tanner v. Harper*, 32 Colo. 165. All the wrongs complained of had their foundation in the contract alleged by plaintiff to have been made, and the fraud and deceit consisted in the nonperformance of the contract. If the court found as a fact upon sufficient evidence that there was no such contract, the refusal to make such rulings of law as requested in nowise prejudiced the appellant. It appears by the record that the court was not controlled in its findings of fact by an erroneous view of the law, nor is there any finding of fact so manifestly unjust as to carry the conviction that it was the result of bias or prejudice.—*Johnson v. Bailey*, 17 Colo. 59; *Land & Canal Co. v. Jenkins*, 1 Colo. App. 425.

The plaintiff testified that a contract was entered into and that its terms and conditions were violated by the defendant; the defendant as directly and strongly testified that there was no such contract. The court chose to believe the testimony given

by the defendant. There was sufficient evidence to support the judgment, and where, upon such conflicting testimony the evidence is sufficient, we are bound by the judgment and findings of the trial court.

The contract as set forth in the complaint was in effect to suppress competition and stifle bidding at a public judicial sale. The question of the invalidity of the contract on grounds of public policy is not presented by the record. Because this decision rests upon other grounds it should not be inferred that this court would lend its aid to enforce contracts of such character.

The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.