[No. 5586.]

THE DENVER & RIO GRANDE RAILROAD COMPANY
v. HECKMAN.

1.   Trials—Motion for New Trial—Time of Filing Affidavits
—An affidavit filed in support of a motion for a new trial with-
out leave of the court, and after the time limited by a previous
order, is not to be considered.—(472)

   Waiver—Presumptions—The successful party is not pre-
sumed to waive his right in this respect.—(472)

2.   Affidavit—Sufficiency—An affidavit merely stating what
the opposing counsel has directed his client to do, but not show-
ing that in fact anything was done, pursuant to the direction, is
insufficient to convict the party of misconduct.—(472)

3.   New Trial—Excessive Damages—A new trial will not be
granted because excessive damages are awarded, unless this ap-
pears to be the effect of passion and prejudice.—(473)

4.   Damages—Continuous Injury—The obstruction of an ir-
rigating ditch, in the course of the construction of a railroad, is
a continuous injury, and prospective damages may be awarded.
—(473)

   Valuation of land by an assessor is not admissible as evi-
dence of value against the owner.—(474)

*Appeal from Chaffee District Court*—Hon. MOR-
TON S. BAILEY, Judge.

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. E. N.
CLARK, and Mr. T. E. PHILLIPS, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of
the court:

The appellee, who was plaintiff below, brought
this action for damages, claimed to have been sus-
tained by him on account of changes made by de-
fendant in a ditch owned by the plaintiff. The de-
fendant reconstructed a portion of its railroad in
Chaffee county, and, in doing so, the plaintiff alleged
that the defendant crossed the ditch at three differ-
ent points, and changed the location, grade and

course of the ditch in various places. The plaintiff further alleged that these changes retarded the flow of, and diminished the water in, the ditch, caused it to fill with gravel and sediment more rapidly than before the change, increased the work and expense of keeping the ditch clean and in repair, decreased the ease and facility with which the plaintiff could reach the ditch and clean and repair the same, and that the railroad is a continued and perpetual hindrance and interference with the operation of the ditch and the irrigation of plaintiff's land; all of which caused damage to the plaintiff. The defendant denied that, in reconstructing its road, it in any respect changed the ditch to the injury of the plaintiff. The verdict was for the plaintiff in the sum of $600.00, and, from a judgment for this amount, the defendant appeals.

After both parties had rested and before the instructions were given, the jury, at defendant's request, were permitted to inspect the ditch. One of the grounds for a motion for a new trial was alleged misconduct of plaintiff, by advice of his counsel, in going upon the ground and shutting off the water from the ditch, after the court had instructed the jury to view the same, claiming that thereby the jury was deprived of an element necessary for the determination of the issues in the case. No mention is made in the motion of any affidavit to support this ground. The verdict was returned on July 19. Defendant was given twenty days within which to file a motion for a new trial. The motion without any affidavit was filed on August 3rd. On September 4th, without an order of court further extending the time within which to file the motion or affidavits, and without permission of the court, defendant filed an affidavit to support the aforesaid ground for a new trial.

Section 218 of our Code of Civil Procedure says that the motion for a new trial and reasons therefor and affidavits in support thereof shall be filed within five days after verdict, but the court may extend the time for good cause. Under this provision of the Code, the affidavit was not filed in time, and ought not to have been considered by the trial court, unless the plaintiff, in some way, by word or act or failure, waived the time of filing, or consented to its consideration. There is nothing in the record to show that plaintiff knew the affidavit was filed. He was not bound to take notice of what was filed, relative to the motion, after the expiration of the time allowed for filing the same. It is true, the motion was not determined by the court until January 17; but, from aught that appears, it may have been submitted between the date of the expiration of the time allowed for filing the motion, and the date of the filing of the affidavit. Furthermore, the affidavit is only to the effect that the affiant heard the attorney for plaintiff say that the attorney had directed the plaintiff to turn the water off. It does not say that the water was turned off, nor does it appear in the record in any manner that it was turned off. As it is the turning off of the water that would work the alleged injury, and not the fact that plaintiff was directed to turn off the water, the affidavit is wholly insufficient for the purpose designed. If we assume that the water was turned off and the court considered that fact, the injury occasioned thereby is not so clear as to warrant this court in disturbing the action of the court below in overruling the motion on this ground. Another cause for a new trial assigned by defendant is, that excessive damages appear to have been given under the influence of passion and prejudice. This cause is one of those set forth in section 217 of our Code of Civil

Procedure. To warrant a new trial on this ground, it is plain that damages must not only be excessive, but it must appear that they were given under the influence of passion and prejudice. The defendant claims that the only grounds upon which plaintiff can claim damages are for the additional cost of maintaining the ditch, and of being deprived of water. In this, the defendant is mistaken, for there is evidence that, after the changes were made by the defendant, there was increased difficulty, hindrance and inconvenience of access to his ditch, which the court below, without objection from defendant, instructed was an element to be considered by the jury in its estimation of damages, if there were any. The defendant seems to forget that, at least. so far as cleaning and repairing the ditch is concerned, the damages are not confined to a single year, or to past years. The action, at least in that respect, is one for a continuing injury, and covers not only present, but prospective, damages. · The defendant does not appear to consider that the quantity of water reaching the land of the plaintiff for purposes of irrigation, is affected not only by changing the volume the ditch will carry, but also by changing the rapidity of the flow. In addition to the oral evidence, it should be remembered that the jury inspected the ditch itself. The conditions as. they found them, without doubt, more or less affected their estimation of damages. In the light of the evidence that was introduced with regard to the amount of the damages, reinforced by the inspection of the ditch by the jury, this court cannot say that the damages awarded were excessive, much less can it say that they were given under the influence of passion and prejudice.

The objection to the question propounded to the witness Schwander will not be considered, for the reason that the objection contained in the ab-

stract and urged by defendant is not the objection contained in the transcript, nor was it made at the time indicated in the abstract.

The defendant complains of the action of the court in excluding the testimony of the assessor, relative to the valuation of plaintiff's land for taxation. The avowed purpose of this testimony, as shown by the record, was to prove the value of the land. In this state, the owner of land is required by law to set down in his schedule only a description of his real estate. He does not value the same. Under these circumstances, the valuation placed upon the land by the assessor is not admissible against the owner as evidence of its value.

As no other errors are seriously urged by the defendant, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.