Cunningham, Presiding Judge.
Appellee, Jenkins, brought his action in the district court for damages growing out of injuries sustained by him while a passenger on defendant’s road. Said injuries were the result of the overturning of one of defendant’s passenger coaches in which plaintiff was riding. The jury returned a verdict in the sum of $5,100 in favor of appellee. Appellant, in due time, filed its motion for a new trial and, after the same had been argued, the trial court entered an alternative order requiring appellee to remit $1,100 of the verdict within forty days, or submit to the granting of appellant’s motion for a new *350 trial. Within the time appellee elected to remit- the $1,100, and judgment was accordingly entered in his favor for $4,000.
1. Counsel for appellant in their briefs and on oral argument strenuously insist that appellee’s injuries were trivial, and in their reply brief, as well as on oral argument, it is urged that the judgment is excessive. Jenkins, at the time of his injury, was about forty-six years of age, actively engaged in various lines of business, among which was that of manager of a hardware company, which paid him for such services $125 per month. The evidence discloses that he paid one doctor $100 for his services, made necessary by the railroad accident out of which this case arises. Appellee testified, among other things, that he had not been able to do anything in and about the management of the hardware store since his injury,- and that, ‘ ‘ I have not been worth anything since; I have not earned my grub since, ’ ’ while the testimony of two physicians called on behalf of appellee tends to show that his injuries were serious, and of a more or less permanent character. One physician testified that shortly before the trial he had examined appellee and found that the movement of his arm or shoulder was very much limited, and that when pressed, a good deal of pain resulted therefrom ; that a distinct crepitus or friction in the joint was discernible, and gave it as his opinion that this condition of appellee’s shoulder was chronic, and. that there was no likelihood of there being any change. This witness gave it as his opinion that certain of appellee’s muscles had been, by the accident, torn from the bone. At the time of the trial, plaintiff submitted to an examination by the jury, and by doctors appointed by the court. The defendant offered no evidence whatever on the trial. Under this state of the record we cannot say that the judgment appealed from was excessive.
2. It is vigorously urged on behalf of appellant that *351 the trial'court committed reversible error in requiring the plaintiff to enter a remittitur for $1,100, or submit -to the granting of a motion for a new trial. This contention is based largely upon the decision of our supreme court in Tunnel M. Co. v. Cooper, 50 Colo., 390, 115 Pac., 390, 39 L. R. A. (N. S.), 1064, Ann. Cas., 1912, 504, and the earlier case of Davis Iron Wks. Co. v. White, 31 Colo., 82, 71 Pac., 384. In the Davis case, the. plaintiff had judgment for $30,000, and the trial court required him to remit $15,000, or one-half, while in the Tunnel Mining-Company case the plaintiff had judgment for $38,750, and was required to remit $28,750, more than two-thirds of the verdict. We shall not prolong this opinion by quoting at any length from either the Davis Iron Works or the Tunnel Mining Company cases; both are accessible to the profession. It must be apparent to everyone that the size of the verdicts rendered in those eases, the amount which the trial court required the plaintiff in each case to remit, and the specific findings on the part of the supreme court that there was passion and prejudice clearly manifest in each of said cases, are sufficient in themselves to-distinguish those cases from the case at bar.- In the Davis Iron Works ease, supra, Mr. Justice Campbell (p. 83) says:
“It conclusively appears from the record that the district court, in passing upon the motion for a new-trial, held that the verdict was excessive, and that it was given under the influence of prejudice or passion of the jury, in which we concur.”
While in Tunnel M. Co., supra, Mr. Justice Bailey (p. 401) says:
“Upon a full consideration of the entire record, with all inferences legitimately to be drawn therefrom, we reach the irresistible conclusion that, when viewed in the light of the facts and circumstances disclosed by the evidence, a verdict of such unusual proportions must *352 liave been the result of the passion or prejudice, or of a total misconception by the jury of its duties and obligations under the law. ’ ’
And again, on p. 396:
“It was found that the verdict was excessive and a remittitur of nearly three-fourths of it was required. Such finding, although the judge may not have been able to say that the verdict was rendered as a result of such passion or prejudice, was, as a matter of law, a finding to that effect, and the verdict must be so treated.”
In the instant case there was no finding on the part of the trial court that the verdict was the result of passion or prejudice, and it may well be that the trial court, in ordering a remittitur of $1,100 from a verdict of $5,100, was moved solely by a belief'that the verdict was simply excessive.
The authorities are believed to be practically unanimous that a verdict may not be set aside simply because the same is excessive, especially in states having code provisions similar to our own.
In Tunnel Mining Co. v. Cooper, supra (p. 393), it is said:
“It is apparent that trial courts here, under this provision [referring to the 5th ground for new trial of the Colorado Code] no longer have power to set aside verdicts because simply excessive, but can only do so when it is also found that the excess of award is due to passion or prejudice.”
To the same effect are: Denver Co. v. Lawrence, 31 Colo., 301, 73 Pac., 39; Duncan v. Whedbee, 4 Colo., 143; 18 Enc. Pl. & Pr., 125.
In Davis Iron Works v. White, supra, Mr. Justice Campbell, at p. 84, in referring to the case of Sills v. Hawes, 14 Colo. App., 163, 59 Pac., 422, makes this significant remark:
*353 “Besides, there was no finding, either by the trial court or the court of appeals, that the largeness of the amount of the verdict was the result of any improper conduct by the jury. ’ ’
’ Our supreme court has said in Rio Grande v. Heck-man, 45 Colo., 472-3:
“Another cause for a new trial assigned by defendant is that excessive damages appear to have been given under the influence of passion and prejudice. This cause is one of those set forth in sec. 217 of our code of Civil Procedure (sec. 236, E. S.). To warrant a new trial on this ground, it is plain that damages must not only be excessive, but it must appear that they were given under the influence of passion and prejudice. ’ ’
It was expressly ruled in Sills v. Halves, supra, that the contention that a'trial court had no alternative except to award a new trial, if it believes the damages given by the verdict of the jury to have been excessive, was unsound and against the “universal practice in this jurisdiction,” and while the opinion in that case may be said to have been modified, in some particulars, by the opinion in the Davis Iron Works case, the expression which we have just quoted from the Sills case was not modified. As we have already stated, there was no finding of the trial court in the case at bar that the jury was actuated' by motives of passion and prejudice, and we think the record strongly indicates that such was not the case, for neither in its motion for a new trial, or in its assignment of errors, or yet in its opening brief, does appellant make any suggestion, certainly no suggestion of a direct dr express character, that the verdict of the jury was so vitiated. We may safely assume that if there was anything in the conduct of the jury that tried this cause which, at the time of the trial indicated passion and prejudice, it would not have escaped the vigilant eye of appellant’s counsel. Not until the incoming of appel *354 lant’s reply brief-does it appear that this contention was raised. At the time the trial court made the alternative order requiring appellee to enter the remittitur or submit to a new trial, appellant appears to have entered no objection, and later, when appellee elected to remit, and judgment was rendered, it contented itself with the following exception: “The defendant excepts to the order denying motion for new trial; it also excepts to the judgment and entry thereof.” It was the duty of counsel for appellant to advise the trial judge in apt time, and by clear objections, that they believed .the verdict rendered was the result of passion and prejudice, if they did so believe, and to present to the trial judge, either at the time he made the order, or at some time before the judgment was entered, the authorities upon which they based their contention, to the end that the trial court might have an opportunity to correct its error, if it had committed one.
“Where the objection that the amount of the recovery is excessive is not made the basis of a motion for a new trial, it is not available on appeal. This is true although the evidence contained in the record of the appeal shows that the damages assessed were excessive, or although the evidence may not show that the amount of damages is correct. The doctrine stated is applicable regardless of how. the excess may arise. Thu.s it applies in cases where the excess is caused by mere errors in computation, where a larger amount is awarded than is claimed in the petition or declaration, or where the recovery is excessive in awarding costs not properly taxable, or in improperly enforcing penalties.” — 29 Cyc., 750, and cases cited.
‘ ‘ Grounds not stated in the motion or written statement will not be considered at the hearing by the trial court. And equally it is held that on appeal or error the reviewing court will not consider any grounds other *355 than those specified in the motion. A party making a motion for a new trial is honnd by the reasons assigned therein, and can urge no other on appeal. All matters which are grounds for new trial, and, which are not set out in the motion are waived.” — 29 Cyc., 944, and-cases cited.
3. Not only did appellant fail to include in its motion for a new trial any specific reference to the misconduct of the jury, but, in our judgment, the same failure characterizes its assignment of errors. It is true that in its assignment of errors appellant avers that: “the judgment and verdict are against the law; the evidence is insufficient to support the verdict; the judgment is contrary to the law and the evidence”; but we.are not disposed to think these assignments sufficiently present the contention raised, for the first time, as we have heretofore said, in the reply brief of appellant, that the verdict is excessive and the result of passion and prejudice, since:
“Each error must be separately assigned. It is unambiguously stated in a very large number of decisions that each error relied on must be separately and distinctly specified — that no assignment shall embrace more than one specification of error — and that on a failure to comply with the requirement, the court will, as a general rule, refuse to consider the assignment. 2 Cyc., 986-7.
“Errors under the rules of this court must be separately alleged and particularly specified.” — Hanna v. Barker, 6 Colo., 303; Alexander v. Wellington, 44 Colo., 388-392, 98 Pac., 631; Marshall S. M. Co. v. Kirtley, 12 Colo., 410, 21 Pac., 492.
“An assignment of errors is in the nature of a pleading, and, in a court of last resort, it performs the same office as a declaration or petition in a court of original jurisdiction. The object of an assignment of errors is to point out the specific- error claimed to have been com *356 mitted by tbe court below, in order to enable tbe reviewing court and opposing counsel to see on wbat basis tbe plaintiff’s counsel intends to ask a reversal of the judgment or decree, and to limit the consideration to those points. It is a rule of general application, though subject to some exceptions, to be noted hereafter, that a reviewing court will not consider any errors except those assigned.” — 2 Cyc., 908; Taylor v. Colo. Iron Works, 33 Colo., 179, 80 Pac., 129; Downing v, Ernst, 40 Colo., 137, 92 Pac., 230; Pettitt v. Mayhew, 43 Colo., 274, 95 Pac., 939.
Prom the foregoing, it will be perceived that appellant not only failed to raise the question which we are now considering by objections and exceptions at the time the order and judgment of the trial court were entered, but failed in this respect in its motion for a new trial, and in its assignment of errors in this court, and lastly, it failed to discuss or make reference to the question in its opening brief in this court. Under such circumstances, we think it ought not now to be heard in this court to urge a reversal on the ground that the verdict is the result of passion and prejudice, even though it be granted that there is evidence in the record which would make- it our duty to consider this contention, had it been timely interposed. — Mesa De Mayo Co. v. Hoyt, 24 Colo. App., 479, 133 Pac., 471; Isabella G. M. Co. v. Glenn, 37 Colo., 172, 86 Pac., 349.
4. Counsel for appellant say in their opening brief:
“One of the main contentions of the appellant in this case is that the appellee, having alleged specific acts of negligence in his complaint, which were put in issue by the answer, it became incumbent upon appellee to prove the same in order to recover; and that the proof adduced upon the part of appellee failed to sustain his allegations concerning the negligence alleged. ’ ’
In other words, appellant insists here that there *357 were no allegations in the complaint in this case except allegations of specific negligence, and that there was no proof adduced upon the trial except proof of general negligence. It is frankly admitted on behalf of appellant that where negligence, in a case of this sort, is alleged both generally and specifically, the specific charges of negligence need not be established by proof, and that the doctrine of res ipsa loquitur applies, without the specific acts of negligence haying been proven. Or, otherwise stated, a passenger who sustains injuries from the overturning of a car, for instance, has made a ease when he proves the accident and the injuries resulting therefrom, and this he may do, where he has alleged specific acts of negligence in his complaint, providing he has also alleged negligence generally. The pertinent portion of the complaint in this case reads as follows:
“Said defendant, by its servants and agents, so negligently, carelessly and unskillfully managed the operation of said railroad, said train, and the coach in which plaintiff was riding, and also so negligently and carelessly permitted its roadbed and track to be out of repair and in a defective and dangerous condition that * * * by reason of all of said acts of negligence and carelessness, and by reason of the defective condition of said track * * * the said car in which the plaintiff was riding was suddenly and violently overturned,” etc.
In our opinion, in the quotation which we have just made from the complaint, negligence is plead both generally and specifically. It is true that the two methods of pleading negligence are not separated in different counts, but this is not necessary in the absence of a motion asking for a separation. In Walters v. Seattle Co., 48 Wash., 233, 95 Pac., 419, 24 L. R. A. (N. S.), 788, it is said:
“In this case all that pertains to the particular cause of the accident could have been stricken out, and still *358 enough remained to have warranted a recovery. The particular cause of the accident was not, therefore, of the substance of the issue, and it was not necessary for appellant to prove it in order to recover, even though it was alleged. * * * But the plaintiff is not thereby deprived of the case or pleading and proofs made merely because she alleged a stronger case than she was able to prove. ’ ’
In support of this rule, the Washington court cites numerous cases. So here, in the case before us, the particular cause of the accident could have been stricken out and still a good cause of action would have remained. If the particular or specific acts of negligence which ware charged in the complaint in the cause at bar had been omitted, the allegation- would have read thus:
“The.said defendant, by its servants and agents, so negligently, carelessly and unskillfully managed the operation of said railroad, said train, and the car or coach in which plaintiff was riding * * * that thereupon, at a point on the line of said railroad about one and a half miles east of a point known as Smith Hill Station, the said car in which plaintiff was riding was suddenly and violently overturned and upset,” etc. '
It would fie difficult to conceive of a more general allegation than this becomes after omitting the specific acts of negligence. We must not be understood as intimating that we concede the rule contended for by appellant, that where one alleges specific acts of negligence in his complaint it becomes incumbent upon him to prove the same in order to recover-, even in cases where the doctrine of res ipsa loquitur, but for the specific acts of negligence plead, might be properly invoked by the plaintiff. The courts are not harmonious on this point, and we do not find it necessary to pass upon it in order to dispose of the case we are now considering. We call attention, however, to the case of Klusha v. Yeoman, 54 *359 Wash., 469, 103 Pac., 821, 132 Am. St., 1121, where the rule contended for by appellant is discussed with ability and repudiated.
But, if it be conceded that the plaintiff in the case at bar alleged specific acts of negligence, and none other, still we are satisfied from the record that he offered proof of the specific acts of negligence which >he averred. The specific acts of negligence plead pertain to the alleged defective and dangerous condition of appellant’s roadbed, and there was proof given by the plaintiff, and two other witnesses called by him, said witnesses being passengers on the train at the time of the accident, tending to prove that the ties, at the point of derailment, were rotten and decayed, and that the coach in which plaintiff was riding probably left the track because of the defective condition of the ties. Our conclusion, therefore, is (a) that the plaintiff plead negligence generally; (b) that he offered proof in support of the specific allegations of negligence.
5.. On the trial, over the objection of the defendant, plaintiff was permitted to testify that he was receiving, at the time of his injury, a salary of $125 per month, and that for eighteen or nineteen years he had received such salary, as the general manager of a hardware company in which he was a stockholder. No attempt was made by 'plaintiff- to prove a loss of profits from the hardware or any other business in which he was interested, other than the loss of his salary, i. e., there was no attempt to show that because of his inability to attend to his duties as manager of the hardware company there was any diminution in the volume of business of that company. On the contrary, plaintiff testified: “My hardware business went along just the same as if I were there, and is running today.” Appellant predicates its contention that the court committed reversible error in permitting plaintiff to testify as above set forth, on the case of City *360 of Pueblo v. Griffin, 10 Colo., 366,15 Pac., 616. Evidently plaintiff’s counsel liad this case in mind at the time he was interrogating his client, for the question objected to is in the following language:
“Q. Now you may state how much you had been receiving at the time of your accident, and prior to the time of the accident, in that capacity (manager) personally for your services.
“A. I was receiving a salary of $125 a month.”
We are fully persuaded that the question was a proper one,, and that the answer does not offend against the rule laid down in the Griffin case. The pleadings in the Griffin case and the character of the testimony as disclosed by the opinion, malee it readily distinguishable from the pleadings, and evidence objected to, in this case. In the Griffin case, page 367, it is said:
“The testimony admitted went to show that from the peculiar habits, skill and industry of defendant in error he was able to earn more than if he had conducted his business on a more expensive scale, and had done the work of one man only, and hired two others, which in his business he states it was usual to do; but by dispensing with the labor and expense of two men, his profits were from $75 to $100 per month. Under a general averment, plaintiff might have shown what his business was, and its extent, together with his general ability to earn money, but it was inadmissible to show the profits of his business as a measure of damages. Proof of profits as a measure of damages in cases in which they are recoverable must be specially averred. In this case the profits of plaintiff’s business, as shown by him, were not the result of the labor of plaintiff alone, but were at least in part composed of other elements, which from the uncertainties and fluctuating nature of such business could not be the basis of the estimation of damages in a case like this.” (The italics are ours.)'
*361 In a much, later case, Union Pacific R. R. Company v. Shovell, 39 Colo., 436, 89 Pac., 764, our supreme court used this language:
“It is not necessary to determine whether the damages claimed by plaintiff because of incapacity to work were general or special. The question simply is, do the averments of the complaint sufficiently advise the defendant that the damages are claimed because the plaintiff was incapacitated from work as the result of the wrongful act of the defendant? We think they do. It is alleged in effect that the plaintiff was unable to work from the time of the injury, and will, for a long time yet to come, be wholly incapacitated from performing any labor, and on this account, in connection with other conditions resulting from having his leg broken, he has been danaged in the sum claimed in the complaint. This certainly advised the defendant that damages were sought to be recovered because of plaintiff’s incapacity to perform labor.”
In the Shovell case, the plaintiff did not, as the plaintiff in the instant case did, set forth his business or occupation, and commenting on Shovell’s failure in this behalf, our supreme court said:
“Doubtless it would have been better pleading for the plaintiff to have set forth his business or occupation; hut that was not necessary in the absence of a motion by the defendant to make his complaint more definite and certain in that respect.”
In the Shovell case we find, by examining the record, that the plaintiff was permitted to testify concerning the ’wages that he was able to earn.
No good purpose can be subserved by further quoting from the Shovell opinion, but we call especial attention to it, and to the very able discussion of the matter here under consideration by Mr. Justice G-abbert, and the authorities there cited. No claim was made on the part *362 of appellant, at the time this testimony was given, of surprise, nor is there any claim or contention made in this court that its counsel were surprised by the testimony which appellee gave as to his wages for eighteen or nineteen years, and right up to the time of the accident. The Griffin case is not only not opposed to the conclusions that we have here reached, but we think, when properly analyzed, is authority therefor, and it is cited by Mr. Justice Gabbert in support of the conclusion reached in the Shovell case. Counsel for the Railroad Company, in the Shovell case, instead of citing Pueblo v. Griffin, supra, in their briefs, devoted some space to distinguishing it, and admitted that the opinion in that case contained obiter, at least, from which plaintiff, Shovell, might draw some comfort. It would be difficult to conceive of a better or more satisfactory method of establishing one’s general ability to earn money than by proving what he had been able to earn for nineteen years immediately preceding the time of the accident which resulted, as he contends, in his total incapacity to follow the business in which he was engaged. In his complaint the plaintiff alleged the nature and character of his business (a thing which Griffin, in the case' relied upon by appellant, failed to do); that he was in the merchandising, mining, ranching and banking business. As our supreme court has stated in the Shovell case, supra, the only object or purpose of requiring specific allegations is that the defendant may not be taken by surprise, and it is difficult to comprehend how the defendant here could be surprised when its adversary was a man who, for eighteen years, had been engaged in a certain line of business at one of the important stations on its road, and especially when he advised them in his complaint as to the business in which he was engaged. Indeed, there could be no object in plaintiff alleging what his business *363 was, if he had no intention of introducing proof as to his earnings or his capacity to earn money.
Decided January 12, A. D. 1914.
Rehearing denied, February 11, A. D. 1914. ~
The following authorities bear upon the matter here under consideration: Rio Grande v. Rubenstein, 5 Colo. App., 124, 38 Pac., 76; Ehrgott v. Mayer, 96 N. Y., 277, 48 Am. Rep., 622; Luck v. City Of Ripon, 52 Wis., 201, 8 N. W., 815 (the last two cases being cited with approval in U. P. v. Shovell, supra); Conner v. Pioneer Co. (C. C.), 29 Fed., 629; Fetter on Carriers (1897), vol. 2, sec. 44; Chicago & Erie R. R. Co. v. Meech, 163 Ill., 305, 45 N. E., 390; Joyce on Damages (1903), vol. 1, 342; Black’s Law & Prac. on Accident Cases. .(1900), sec. 232; Sutherland on Damages (3d Ed.), secs. 1246, 1247, and 421; Collins v. Dodge, 37 Minn., 503, 35 N. W., 368; Sias v. Reed City, 103 Mich., 312, 61 N. W. 502.
There are other matters referred to in the briefs filed in this case, which have received due consideration, but which do not appear to require special comment at our hands.
. Perceiving no substantial error in the record, the judgment of the trial court is affirmed.

Judgment Affirmed.