Richmond, P. J.
This was an action to recover the possession of fifty-one head of horses and forty-five head of cattle, of the alleged value of «18,675, and damages in the sum of |35, for the unlawful detention. Suit was instituted by the appellee, Geo. W. Tomlinson, who filed his com *517 plaint July 8, 1887. Appellant, Love, defendant below, filed his answer to the complaint alleging that he was the duly and legally qualified sheriff of Larimer county, and that on the 22d day of June, 1887, one John Delay commenced an action in the county court of that county against John T. Wray to recover the sum of $1,639.88, with interest due Delay on account of payment made on a certain promissory note executed by Wray, and by Delay as surety. That an attachment writ was issued in said cause and levy made upon the property mentioned in the complaint, as the property of Wray; that on the 10th day of September, 1887, in said county court, judgment was rendered in favor of Delay for the full sum claimed, and the attachment was sustained.
It is further alleged that Wray was and continued to be the owner of the goods and chattels described; and that, being then and there insolvent and contriving and intending to hinder, delay and defraud his creditors, and confederating and conspiring with plaintiff Tomlinson, caused to be made a pretended and fraudulent sale, without any consideration whatever, of said goods and chattels to plaintiff.
Trial was had of the issue thus presented and verdict rendered for the plaintiff, with damages for the sum of $85. Motion for a new trial overruled and judgment entered, to reverse which this appeal is prosecuted.
The assignments are:—First. That the court erred in overruling the motion for a new trial. Second. That the court erred in admitting testimony of witnesses to which appellant objected at the time of trial. Third. That the judgment was contrary to the law.
Appellant in his brief discusses principally the error in admission of testimony.
During the progress of the trial the depositions of John H. Young and J. T. Wray were read, and at the time of the reading of the deposition of Young defendant objected to interrogatories eleven and twelve, which as appears from the abstract were as follows : Q. (11) State whether or not you acted in good faith in selling said horses and cattle to said *518 Tomlison ? Q. (12) Was or was not the sale made with an intent on your part to aid or assist the said J. T. Wray in hindering, delaying or defrauding any of his creditors ?
Also during the trial and the reading of the deposition of Wray, defendant objected to the following interrogatory:— Q. In authorizing your agent to make the sale did you have any intent to hinder, delay or defraud your creditors, or any of them ?
It further appears that during the trial Tomlinson was recalled and testified as follows, to which defendant objected: “ I did not have any other purpose in buying this property from Wray than my own special benefit.”
It is insisted that the testimony responsive to this interrogatory was inadmissible. It will be observed that the objection is not made to the.testimony, but to the interrogatory, that is, so far as the depositions of Wray and Young are concerned. Young was the agent of Wray, had charge of the property, was authorized by Wray to make a sale, and in pursuance of the authority made the sale of the property mentioned in the complaint to Tomlinson. Wray was the .owner of the property and indebted to Love, who was seeking to subject the property to the satisfaction of his judgment. The sole question in issue was whether or not the transfer so made by Young as the agent of Wray to Tomlinson was made with intent to hinder, delay and defraud creditors. This issue was determined in favor of plaintiff, and it is insisted that the testimony received in response to the interrogatories propounded was calculated to influence the jury, and for that reason the judgment should be reversed.
.' It may be true that interrogatories of this character are not permissible; and we can concede that there is a division of opinion in the courts upon this question. The objection, in our opinion, to the interrogatories comes too late. The taking of the depositions, the propounding of interrogatories on the part of plaintiff are all admitted to be regular and in conformity with the provisions of the statute. The interrogatories were crossed by the defendant and the entire dep *519 ositions were taken without objection on the part of defendant until the trial. We think they should have been made at the time they were submitted.
A party objecting to an interrogatory filed before the issuing of a commission to take a deposition should specify the ground of the objection in order that the adverse party may have an opportunity to vary the interrogatory. Allen v. Babcock, 15 Pick. 56.
If an answer to an interrogatory contain a detail of facts which the opposite party did not anticipate, and touching which he was not prepared to file cross-interrogatories, the objection lies to the form of the interrogatory and not to the extent of the answer, and it is too late after the party objecting has joined in the commission and filed cross-interrogatories. Weeks on Law of Depositions, § 399. But not begging the question we are prepared to assert that the interrogatories propounded were proper and legitimate. In the case of Seymour v. Wilson, 14 N. Y. 567, it was held: “ On an issue of fact as to whether an assignment or transfer of property was made to hinder, delay or defraud creditors, it is competent, where the assignor is a witness, to inquire of him whether in making the assignment or transfer he intended to delay or defraud his creditors.” And continuing, Denio, C. J., said: “ Fraud against creditors always consisted in the corrupt intent of the parties to the transaction. * * * In this case the party who made the alleged fraudulent transfer was a competent witness, and he was examined as to the facts of the transaction by the plaintiff, who sought to set aside the conveyance. It may be that the circumstances disclosed by him would lead to the conclusion that the assignment was fraudulent, notwithstanding anything which he might say as to his motives in making it. That was a question for the referee to determine after he had heard all the testimony respecting it, and it is one upon which we express no opinion. There are cases which present circumstances, in themselves conclusive evidence, of a fraudulent intent; and there no proof of innocent motives, *520 however strong, will overcome the legal presumption. * * * But where the facts do not necessarily prove fraud, but only tend to that conclusion, the evidence of the party who made the conveyance, when he is so circumstanced as to be a competent witness, should be received for what it may be considered worth.” Cunningham v. Freeborn, 11 Wend. 241. This doctrine is supported by the following cases :—Stearns v. Gosselin, 58 Vt. 38; Snow v. Paine, 114 Mass. 520; Wheeldon v. Wilson, 44 Me. 11; Hale v. Taylor, 45 N. H. 405; Anderson v. Wehe, 62 Wis. 401; Greer v. The State, 53 Ind. 421; Berkey v. Judd, 22 Minn. 287; Wharton’s Law of Evidence, vol. 1, §§ 482, 508; Bedell v. Chase, 34 N. Y. 386.
The foregoing authorities, we think, satisfactorily estal> lish the right of plaintiff to propound the interrogatories objected to, and fully sustain the right of Young to testify as to his intention and purpose at the time. It must be borne in mind that Young was the agent of Wray, authorized to make the sale of the property; that he did make the sale of the property and was a party to the transaction which the plaintiff sought to attack.
It is true that a witness is not to be permitted to testify as to the motive by which another person is or has been actuated, yet where a party is examined as to his own conduct he may be asked as to his motive, his testimony as to such motive being based not on inference but on consciousness. Wharton on Law of Evidence, vol. 1, §508.
The objection to the testimony of Tomlinson, to the effect that he did not have any other purpose in buying this property from Wray than his own special benefit, we think is without force, as it was perfectly competent for him to prove the circumstances of the transaction and whether or not he in good faith purchased the property for his sole benefit, or whether he was directly or indirectly interested in the conspiracy with Wray and Young to hinder, delay and defraud the creditors of Wray.
A thorough reading of the record convinces us that the *521 cause was fairly tried to the jury under the instructions of the court, to which not the slightest objection or reference has been made, and we do not feel that there is anything apparent in the record which would warrant us in disturbing the verdict, and so far as the evidence is concerned, under the repeated rulings of this court and the supreme court, we would not be justified in reversing the judgment. That there was sufficient and proper evidence upon which the verdict of the jury was based cannot be doubted.
The judgment must be affirmed.

Affirmed.