THE CALLIOPE MINING COMPANY v. HERZINGER, ADMX.

1. CORPORATIONS—DIVIDENDS.
A corporation cannot be compelled to pay a dividend upon its stock
without proof that it was legally declared.

2. SAME.
Dividends, if any accrued upon the stock mentioned in the contracts
set out in the second defense to this action, were recoverable only
by the parties to whom such stock was issued pursuant to said
agreements, in the absence of proof of a forfeiture.

3. EVIDENCE.
Parol evidence is admissible to show that a written agreement was dis-
charged by a new, additional or substituted agreement.

*Error to the District Court of Pueblo County.*

THE defendant in error, as administratrix of the estate of
Adam G. Herzinger, deceased, instituted this action to re-
cover the sum of $8,750, alleged to have accrued to her
intestate during his lifetime, as dividends declared by said
plaintiff in error upon 125,000 shares of its capital stock be-
longing to him, from the month of September, 1889, to the
month of March, 1890, inclusive. To this demand defendant
answered, *first*, by a general denial; and, *second*, that said
Herzinger, on October 9, 1889, agreed to sell and did sell to
Otto Mears, the said 125,000 shares of stock, as evidenced
by the following contract:

" Memorandum of agreement, made and entered into this
9th day of October, 1889, by and between Adam G. Her-
zinger, of the county of Ouray and state of Colorado, party
of the first part, and Otto Mears, of the city of Denver, in
said state, party of the second part,

" Witnesseth, that the said party of the first part *hereby
agrees to sell and does sell*, to the party of the second part,
125,000 shares of stock, in The Calliope Mining Company,
for which said party of the second part hereby agrees to pay
to the said party of the first part, at the agreed price of 30
cents per share, in payments as follows, to wit:

" Ten thousand dollars on or before the 1st day of March, 1890 ; $10,000 on or before the 1st day of April, 1890 ; $10,000 on or before the 1st day of May, 1890, and the remainder, $7,500 on or before the 1st day of June, 1890.

" And it is agreed and understood that upon the payment by said party of the second part to said party of the first part of each installment as herein provided, the secretary of said company shall issue and deliver to said party of the second part stock equivalent therefor at said agreed price of 30 cents per share ; and it is further agreed that if the party of the second part shall at any time before the 1st day of June, 1890, wish to pay the whole of said sum of $37,500 and does so pay the same to the party of the first part, then said secretary is hereby authorized to issue to the party of the second part all of said 125,000 shares ; and it is further agreed that *any failure of the party of the second part to make any one of said payments within ten days after the date fixed therefor, as herein provided, shall work a forfeiture of this contract, and all stock not paid for shall then become the property of the party of the first part, as though this agreement had not been made; and it is further agreed that all dividends declared during the existence of this contract on all stocks sold herein shall belong to and go to the party of the second part, provided this contract is not forfeited, but if the same shall be forfeited, after forfeiture, said dividends declared after forfeiture to belong to the party of the first part.*

" In witness whereof, we, the said parties, have hereunto set our hands and seals this 9th day of October, 1889.

"(Signed)          ADAM HERZINGER      (Seal)
"(Signed)          OTTO MEARS          (Seal)."

That afterwards, in March, 1890, and under a new arrangement, said stock was paid for by said Mears, partly in cash and partly in notes of himself, D. C. Hartwell, and Fred Walsen ; and thereupon, and upon the order of said Herzinger, the company issued the 125,000 shares of stock to Mears, Hartwell and Walsen.

The issue was tried to the court and judgment rendered in favor of plaintiff in the sum prayed for. To reverse this judgment the company prosecutes this writ of error.

Messrs. GERRY & RITTENHOUSE and Mr. R. D. THOMPSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

To support the issues upon her part the plaintiff introduced in evidence the transcript of the minutes of the meeting of the company held August 20, 1889, as follows :

" The board of directors of The Calliope Mining Company held their second regular monthly meeting August 20, 1889, for the purpose of declaring their second monthly dividend September 10, 1889; " and the deposition of E. J. Bent, secretary and treasurer of the company, to the effect that the dividend thus provided for was one per cent per share ; that the prior dividend of July 20, 1889, was never paid; that after the meeting of August 20, 1889, no other meeting was held until August 5, 1890, and that the company did not declare any more dividends ; that it was his understanding that the Denver office paid a dividend of one per cent per share on all stock which had been sold, but did not pay out a cent of dividends to any one of the four promoters and directors of the company (among whom was Mr. Herzinger) ; that while, under this arrangement, no money was drawn by the four directors, large sums out of the amounts thus due as dividends were used to purchase other properties for them, and secured in their individual names.

We are at a loss to perceive how, under the testimony introduced, the judgment of the court below can be sustained. There is no evidence to show that any dividend was ever legally declared upon the stock in question, while, on the other hand, the evidence of plaintiff's own witness

shows that by express agreement between Herzinger and his copromoters, their stock should be pooled and not draw dividends; and the surplus or profits that might have accrued to the stock by way of dividends, had they been legally declared, was used to purchase other properties, secured in their individual names. But aside from this, if dividends did, by any possibility, accrue to the stock in question, then, under and by the express terms of the contract of sale to Mears, such dividends would pass to him, it appearing from the evidence that the contract under which he purchased was never forfeited, but, on the other hand, the consideration finally agreed upon was fully paid and the stock transferred to him and his copurchasers thereunder.

Error is assigned upon the action of the court in striking out portions of the depositions of Hartwell, Walsen and Mears, introduced on behalf of defendant, wherein they testified as to what occurred between Herzinger and Mears on March 14, 1890, at a meeting in Denver, in relation to the acceptance by Herzinger of an agreed sum in full settlement for, and the transfer of, the 125,000 shares of stock in question, in pursuance of such settlement.

The record fails to disclose the ground upon which the court predicated its action, but from the argument of counsel for plaintiff in error we infer that the testimony was excluded for the reason that it tended to vary the terms of the written agreement. We think, under the pleadings, the testimony was relevant and material. In its second defense the company allege that the contract of October 9, 1889, under which the stock in question was purchased by Mears, was on the 14th day of March, 1890, fully adjusted and discharged. In support of these allegations of the answer, the testimony excluded was clearly admissible, and it in no sense tended to vary the terms of the original agreement. Parol evidence is admissible to show that a written agreement was discharged by a new, additional, or substituted agreement. 1 Greenleaf on Ev., sec. 302–304; 2 Wharton on Ev., sec. 1017.

Defendant in error has not filed any brief or argument in this court, and we are not advised of any ground upon which the exclusion of this testimony can be upheld, nor of any theory upon which the judgment of the court below can be sustained, and from a careful reading of the record we are unable to discover any. The judgment is accordingly reversed.

*Reversed.*