Wilson, P. J.
Appellee brought this suit to recover on a promissory note executed by defendant to- A. A. Parsons, of which he claimed' to be the owner and holder by assignment for value. Defendant answered, pleading that the note was assigned after maturity, and also that there was a failure of consideration. The latter defense was based upon the following alleged state of facts set up in the answer. It was charged that at the time when the said note was executed, defendant and the payee were husband and wife, and that the sole and only consideration for the note was that the parties should separate, the husband leaving the premises, and that all marital relations between them should cease; but that, subsequently, in violation of such agreement, and against the protest and consent of defendant, the husband returned to the house occupied by defendant, and remained there, resuming the marital relations. Plaintiff replied, denying on information and belief all matters set up in the answer, and .further alleging that the note was executed and delivered, in consideration of money previously loaned to the defendant by A. A. Parsons, and that the resumption of marital relations after the alleged separation was by mutual consent of the parr ties. The case was tried upon these two defenses, which, as. stated, were solely questions, of fact. The finding of the jury was in favor of the plaintiff, and *156 it being amply supported by the evidence, cannot be questioned by this court. There was assigned for error, generally, the admission by the court of improper evidence offered by the plaintiff and the exclusion by it of proper and relevant testimony offered by the defendant. These assignments are indefinite, not directing the attention of this court to any specific testimony either excluded or admitted, and hence cannot be considered.—Fleming v. Daly, 12 Colo. App. 441.
The evidence was conclusive that the plaintiff was an innocent purchaser for value without notice of any equities in favor of defendant, and that the assignment was before maturity. This being true, under the well-settled rules of commercial law, the plaintiff was entitled to a judgment, regardless of what the evidence may have been as to the alleged agreement between defendant and A. A. Parsons, and the violation of it by him. Had plaintiff at the conclusion of the evidence moved the court to direct the jury to return a verdict in his favor, the motion should have been granted. This being the case, it is immaterial whether some of the instructions given by the court were erroneous in some respects, as claimed by defendant. The verdict was right, and one which the jury might properly have rendered upon the mere direction of the court without any instructions at all.
—Curran v. Rothschild, 14 Colo. App. 503; Loveland v. Kearney, 14 Colo. App. 471.
For these reasons the judgment will be affirmed.

Affirmed.