[No. 6396.]

## HATCH v. FRITZ.

1. **Contracts Construed** — By an agreement in writing between plaintiff and defendant, defendant agreed to convey plaintiff an interest in certain mining claims, when he should receive a deed from another party named, plaintiff "to pay $2.50 per linear foot for tunnel already constructed, and we will pay equally from breast of tunnel from now on." Held, that the

delivery of the deed was a condition precedent to liability on the part of the plaintiff, and that upon the face of the paper, unaided by evidence aliunde, no partnership was created.—(534)

2.   Evidence — Parol Admissible — Parol evidence is admissible to show modification of an agreement in writing.—(535)

3.   Partnership—Account—As a general rule a partnership account will not be investigated in an action by one partner against the other upon a transaction having no relation to the partnership affairs.  If special facts existing make the case an exception, these facts must be set up in the pleadings of the party seeking such investigation.—(534)

*Appeal from Mesa District Court*—Hon. SPRIGG SHACKELFORD, Judge.

Messrs. WHEELER & WEISER for appellant.

Mr. LORIN A. STALEY for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

June 30, 1906, the appellant executed in writing and delivered to the appellee his promissory note for $500.00 with interest, due nine months after date. It not being paid at maturity, this action was instituted to recover judgment thereon.  The appellant, in his answer, admitted the execution of the note, but denied that it had not been paid.  He alleged the appellee was indebted to him for money loaned, work and labor performed, and feed and provisions furnished, in the sum of $409.25.  Trial was by jury. Judgment was for the plaintiff.

It was shown at the trial that these parties had entered into a written agreement, bearing date January 30, 1906, concerning certain mining property, which agreement read as follows:

"Grand Junction, January 30, 1906.

"This article of agreement entered into between L. Hatch, party of the first part, and John M. Fritz, party of the second part, the party of the first part

agrees to give to the party of the second part a quit-
claim deed to one-half of his undivided interest into
Sinbad No. 1 and Sinbad No. 2 and R. H. Harper.
Said deed is to be delivered to John M. Fritz when
he receives the deed from A. D. Mahany. Said Fritz
to pay ($2.50) two dollars and fifty cents per linear
foot for tunnel already constructed, and we will pay
equally from breast of tunnel from now on.

"(Signed)   LORENZO HATCH, Sr.

JOHN M. FRITZ."

After the introduction in evidence of the forego-
ing instrument by the defendant, the court refused
to allow him to testify pertaining to his counterclaim
as follows: (a) concerning a check by which he paid
one Joe Landis $25.00 for work upon the mines
named in the above agreement; (b) as to whether
there was ever any partnership arrangement made
between him and Mr. Fritz with reference to run-
ning this mine or participating in its profits; (c) as
to how much of the tunnel was constructed at the
time the contract was made; (d) as to what arrange-
ment he had with the plaintiff after the execution
of the contract as to how and when the tunnel already
constructed should be paid for; (e) that the plain-
tiff did make a part payment for the tunnel already
constructed and agreed to pay the balance shortly;
(f) that the witness completed the tunnel or carried
it further under an arrangement with Mr. Fritz
made after the execution of the contract for which
he agreed to pay; (g) as to whether or not the plain-
tiff and defendant ever entered into any copartner-
ship agreement regarding this matter other than the
contract; (h) whether, under any arrangement that
the witness had with the plaintiff subsequent to the
execution of the contract, was it contemplated that
there was any partnership agreement by their trans-

actions or otherwise; (i) as to whether there had been any profits arising from the mining transaction; (j) counsel then offered to prove by the witness and other witnesses the entire transaction between the parties, for the purpose of showing the amount that was due the defendant upon the cross-complaint and for the purposes of showing that no partnership arrangement was ever contemplated by the parties with reference to this mining transaction, and to show this by subsequent contracts and agreement between the parties, to explain the original memorandum offered in evidence, and that the defendant, by virtue of the subsequent contracts between the parties, expended $252.39 upon the mine, which the plaintiff agreed to pay.

It is contended by counsel for the appellee that, as there is no evidence showing that a deed was ever secured by the appellant from Mahany for this property and none ever executed or delivered by the appellant to the appellee, as provided for in this contract, that no indebtedness could accrue thereon in favor of the appellant against the appellee until he showed a performance upon his part of this portion of the contract, which required the delivery of the deed before the payment. The trial court appears to have accepted this version when it ruled "the testimony concerning the transaction of these mining properties is not admissible upon the trial of this case; * * * the contract was never consummated by the parties."

It is further contended, upon behalf of the appellee, that the last clause in the contract, namely, "and we will pay equally from breast of tunnel from now on," makes a partnership agreement concerning the operation of the mining property after the execution and delivery of the deed as provided for therein, and for that reason he claims it is elemen-

tary in this action on a promissory note that the court could not attempt to settle the accounts of the partnership of Fritz and Hatch, and for that reason did not err in its rulings.

The first difficulty with which we are confronted is that the court refused to allow the preliminary questions to be answered leading up to the main contention. We agree with counsel that the proper construction of the contract would call for the delivery of the deed by Hatch to Fritz at and prior to the time there would be any liability incurred by Mr. Hatch concerning the mining properties, unless different arrangements were made after its execution. We are likewise of the opinion that counsel is correct in his position that, in an action upon a promissory note not involved in partnership matters, the court should not attempt to settle the accounts of the partnership existing between the parties unless the reasons were sufficiently set forth in the pleadings to make it one of the exceptions to the general rule. —*Robinson v. Compher,* 13 Col. App. 343. But, without evidence other than the contract itself, we are unable to accept his contention as to this instrument establishing a complete partnership agreement between the parties, and are of the opinion, where its construction upon this subject is involved, that other evidence should be introduced throwing light upon the question.

We also agree with counsel that it is elementary that oral evidence should not be admitted to contradict or change the written agreement between the parties, and that objection to those questions calling for such was properly sustained. But the serious errors were, the refusal of the court to allow testimony to be received pertaining to agreements claimed to have been entered into after the execution of the written contract above referred to, by which

evidence the defendant was attempting to show that the written contract had been modified and changed by subsequent oral agreements. As previously stated by this court in the case of *Calliope Mining Co. v. Herzinger, Admx.*, 21 Colo. 482: "Parol evidence is admissible to show that a written agreement was discharged by a new, additional, or substituted agreement." To the same effect are: *Hurlburt v. Dusenbery et al.*, 26 Colo. 240; *The Cerrusite Mining Co. v. Steele*, 18 Col. App. 216.

In this action, it was attempted to be shown that the parties had made arrangements and agreements after the execution of this contract, for which the defendant sought to recover in his cross-complaint; but none of this line of evidence was admitted. The defendant had the right to show that other contracts subsequent to this had been entered into between himself and the plaintiff, which entitled him to recover concerning this property upon the matters named in his cross-complaint, even though he could not recover upon the original agreement, and particularly would this be true if the court was right in its ruling, "that the contract was never consummated by the parties."

The judgment is reversed, and the cause remanded for a new trial in harmony with the views herein expressed.   *Reversed.*

Chief Justice Steele and Mr. Justice Gabbert concur.