No. 10,085.

CRUMLEY v. SHELTON, ET AL.

Decided March 6, 1922. No change in opinion on rehearing July 3, 1922.

Action for specific performance of a contract for the sale of land. Judgment for defendants.

*Affirmed.*

1. PRINCIPAL AND AGENT—*Real Estate—Authority of Agent.* The authority of an agent to execute a contract for the sale of land must be in writing, and he must be given the power to do that which he assumes to do.

2. CONTRACT—*By Real Estate Agent—Construction.* A contract of agency, giving power to sell real estate, is to be strictly construed.

3. BROKERS—*Real Estate—Authority.* Where real estate is placed in the hands of an agent with instructions in general terms to sell, he is not thereby authorized to enter into a contract of sale binding upon the owner.

4. SPECIFIC PERFORMANCE—*Contract Must be Definite.* To justify a decree of specific performance, the contract sought to be enforced must be reasonably certain and definite.

5. FINDINGS—*Court Discretion.* Under the facts disclosed, it is held that the court did not abuse its discretion in finding for defendant.

*Error to the District Court of Prowers County, Hon. A. C. McChesney, Judge.*

Mr. WILLIAM H. DICKSON, Mr. ROLLIN A. YOUNG, Mr. A. B. MANNING, for plaintiff in error.

Messrs. HILLYER & KINKAID, for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in a suit to compel defendant in error, Shelton, to perform an alleged contract for the sale of land to the plaintiff. The trial court found in favor of defendants, and the cause is now here for review.

Defendants, Wadsworth and Reading, were a copartnership engaged in the sale of real estate at Holly, Colorado, and defendant Shelton, living at Littleton, owned land in Prowers county, which said real estate dealers were endeavoring to sell for him. Plaintiff in error relied upon correspondence between Wadsworth and Reading and Shelton, as constituting authority to said agents to make the contract upon which the suit is based.

It is alleged that on August 19, 1919, the land in question was listed with said real estate agents, in support of which allegation a letter of that date from Shelton to the agents was offered in evidence. Said letter was in answer to a letter from the agents to Shelton in which it was suggested that they might secure a purchaser who would pay half cash, and the balance in one, two and three years. Shelton advised them that if they got such a proposition he would accept it, if not tied up with a prospect which he then had.

On the 13th of September, the agents sent defendant Shelton the following telegram. "Have showed section eleven today. Wire authority to close for sixty-four hundred net to you. Rush answer as party is looking at other land with improvements." Shelton, on the next day, wired the agents as follows: "If can close at once go ahead." Thereupon the agents entered into a contract with the plaintiff for the sale of the land for $7,000.00, one-half cash, balance in one, two and three years, they having added $600.00 as commission. The question to be determined here is, were the agents authorized to enter into a written contract of sale which would be binding on Shelton; and if not so authorized, did the telegrams constitute a contract which entitled the plaintiff to a decree of specific performance. Defendant Shelton testified that his telegram of the

14th of September was sent under the understanding that the $6400.00 was to be paid in cash. It appears that after this written contract was made by the agents, another contract was drawn by them and submitted to Shelton, after having been signed by the plaintiff. Shelton declined to sign said contract.

If the written contract marked "Plaintiffs' Exhibit A" was the contract of Shelton, by virtue of authority granted to the agents, it may be regarded as definite enough to entitle the plaintiff to a decree for a specific performance. We do not think, however, that the correspondence shows that the agents had such authority.

In *Johnson v. Lennox*, 55 Colo. 125, 133 Pac. 744, this court said:

"It is the rule of law that the authority of an agent conferring power to execute an executory contract for the sale of real estate must be in writing, and that the agent must be given therein specific authority to do, either the general business of his principal or the particular thing which he assumed to do. Also, that the burden is put on the plaintiff who sues upon a contract thus executed, to show that the person who signed the contract as agent, was authorized not only to negotiate the sale, but also to conclude in writing a binding contract within the terms, conditions and limitations expressed in the contract sued on."

In *Springer v. City Bank*, 59 Colo. 376, 149 Pac. 253, Ann. Cas. 1917A, 520, we held that a contract of agency giving power to sell real estate is to be strictly construed. Also, that where real estate is placed in the hands of an agent with instructions in general terms to sell, the agent is not thereby authorized to enter into a contract of sale binding the owner, his authority extending only to finding a purchaser, and to negotiating a sale generally between such purchaser and the owner.

Applying the rule thus laid down to the facts in evidence here, it cannot be said that the contract made by the agents was binding upon Shelton. If there were a contract at all,

it must have resulted from the telegram to Shelton and his reply.

To justify a decree of specific performance of a contract, the contract must be reasonably certain.

"There must have been a clear mutual understanding and a positive assent on both sides as to the terms of the contract." 36 Cyc. 543.

"Each of the material terms must be expressed with sufficient clearness and definiteness to enable the court to ascertain the intent of the parties and to frame its decree in accordance with such intent." Ibid, p. 587.

"A greater amount or degree of certainty is required in the terms of an agreement, which is to be specifically executed in equity, then is necessary in a contract which is to be the basis of an action at law for damages." Pomeroy on Specific Performance, section 159, quoted with approval in *Riverside Land & Irrigation Co. v. Sawyer,* 24 Colo. App. 442, 134 Pac. 1011.

There is nothing in the record which made it unreasonable for the trial court to accept the statement of defendant Shelton as to his interpretation of the telegram from Wadsworth and Reading. It cannot, therefore, be said that the court abused its discretion in finding for the defendant.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.