## No. 10,852.

## ARKANSAS VALLEY BANK *v.* ESSER.

Decided March 3, 1924.

### Action on contract.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   PLEADING—*Cause of Action.*   The contention in an action on contract, that the complaint does not state a cause of action, overruled.

2.   *Amendment—Harmless Error.*   Error, if any, in the refusal of the court to permit defendant, in an action on contract, to amend his answer by setting up want of consideration, and pleading the statute of frauds, held without prejudice, it appearing that there was a consideration for the contract, and the statute of frauds not being involved.

3.   TRIAL—*Substituted Issue.*   The contention that the trial court ignored the issues made by the pleadings and substituted issues made by the opening statement of counsel, considered and overruled.

4.   EVIDENCE—*Intent.*   In an action on contract involving the question of whether plaintiff had accepted the delivery of certain stock, evidence of his intent in moving the cattle, held relevant and admissible on the issue of acceptance.

5.   INSTRUCTIONS—*Issue.*   An instruction defining the issues in an action on contract, held sufficient, there being no request for more specific instructions thereon.

6.   *Harmless Error.*   A ruling on a requested instruction which is in favor of the complaining party, held not assignable as error.

7.   *Requested Instructions—Refusal.*   A requested instruction on an issue eliminated during the proceedings, held properly refused.

8.   CONTRACT—*Oral Alteration.*   After a written contract has been made, the parties may alter it orally at will.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. ORR & LITTLE, for plaintiff in error.

Messrs. CUNNINGHAM & FOARD, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

ESSER had a verdict and judgment against the bank for $1,700 in an action on an alleged contract for feeding cattle and the bank brings the case here for review and moves for supersedeas.

1. It will be convenient first to consider the claim that the complaint does not state a cause of action. It seems clear that it does. It alleges a written contract of great length and detail, set forth in full, from which it appears, with much else, that the bank had a mortgage on the cattle in question, then on the range, and agreed with plaintiff to gather and deliver them to him at the Newton ranch, and he agreed to purchase them, at a fixed price per head within thirty days, if they reached 375 in number; if not, he might annul the contract, in which case the bank would pay him, at the reasonable market price, for all feed provided at the Newton ranch, and it states that the defendant did not deliver 375 head and that plaintiff annulled the contract.

The complaint further states that while the cattle were at the Newton ranch the plaintiff and defendant entered into an oral agreement that the cattle then gathered should be removed to Glen Eyrie (afterwards by amendment changed to Glen Eyrie and Cottonwood), and that if the terms of the written contract were not carried out, that the bank would pay for feed provided by plaintiff at Glen Eyrie and Cottonwood; that plaintiff furnished feed at the Newton ranch, Glen Eyrie and Cottonwood, amounting, at the reasonable market value, to $3,000; that plaintiff offered to redeliver the cattle to defendant but they were refused.

It is clear that this complaint states a cause of action (indeed, we think two), one for feed furnished under the written contract, and one under the oral. The facts stated show promises, express or implied, to pay money, based upon an executed consideration, i. e., the feed furnished, typical cases for general assumpsit at common law. The annulment, of course, affected only the sale of the cattle; it did not annul, but awakened the right to receive pay for the feed furnished at the Newton ranch. The question of recovery for feed furnished under the written contract was ignored at the trial, so we do not notice it further.

2. Error is assigned that the court refused to permit defendant to amend its answer to set up want of consideration and the statute of frauds, but, since the furnishing of feed, though denied, was proved without dispute, there was a consideration and no room that we can see for the operation of the statute of frauds. If, therefore, the denial of the amendment was error, it was without prejudice.

3. It is claimed that the court ignored the issues made by the pleadings and wrongly substituted issues made by the opening statements of counsel. We do not think so. There was no answer in confession and avoidance, the written contract was expressly admitted, and also the failure to deliver the minimum of 375 head, and that plaintiff elected to declare said contract null and void. The oral contract and the statement that feed was furnished were denied, also the value of and necessity for the feed and the offer to redeliver.

The questions then were: (1) Whether the oral contract was made. (2) Whether any feed was furnished. (3) If so, its value. (4) Whether it was necessary. (5) Whether plaintiff offered to redeliver. That feed was furnished was not seriously in question; that it must have some value and that some feed was necessary is self-evident. (5) Was a matter of evidence only, because its determination would not necessarily determine whether plaintiff ought to recover for the feed. Under the pleading, the real and only serious issue for trial, then, was whether

there was an oral contract, and this was tried and determined for plaintiff.

In his opening to the jury one of defendant's counsel stated that he would prove that plaintiff accepted the cattle. Defendant's counsel did not claim that this was matter in avoidance, but stated, in effect, that defendant would accept it as an issue and it seems to have been tried as such. This was to defendant's advantage and cannot now be assigned as error by either party.

The court stated in colloquy as the trial began that there were two issues for trial: Whether there was an oral contract as alleged, and whether the cattle were accepted. If we are right above in our analysis of the situation, this statement was right. We do not find that any other issue was left to the jury. There was no error on this point.

4. The claim is made that there was error in admitting evidence. Plaintiff's counsel asked him, "Did you accept these cattle from the Arkansas Valley Bank after fulfilling your contract with them?" and defendant's objection that this called for the conclusion of the witness was overruled, and a motion to strike the answer, which was in the negative, was denied. The witness also testified over objection that he had no intent, in moving the cattle from the Newton ranch, to accept them.

His intent in moving the cattle was, of course, relevant to the issue, acceptance or not, and his testimony as to that intent was competent. Wig. Ev. §§ 581 and 1966 and context; *Love v. Tomlinson,* 1 Colo. App. 516, 520; *Brown v. Potter,* 13 Colo. App. 512, 58 Pac. 785; *Curran v. Rothschild,* 14 Colo. App. 497, 60 Pac. 1111.

Under the circumstances of this case, since the cattle were already in plaintiff's possession and no unqualified act of acceptance was shown, and therefore the effect of the question, "Did you accept?" was to ask for his intent, it would seem that the question was proper. However, since plaintiff's election to annul the contract was admitted, and he definitely testified to his rejection of the cattle and notice thereof to defendant and offer to return them,

there could be no prejudice in the question and answer. It would not have been error to exclude the question. *Brewer v. Housatonic R. R. Co.*, 107 Mass. 277. Perhaps it would have been to admit it without the details of the transaction, but with the details, i. e., the definite rejection, there could be no prejudice.

5. Objection is made to instruction No. 1 that it does not state the issues correctly. It defines them as the oral contract or not, and the acceptance of the cattle or not, which, if we are right in our foregoing analysis of the pleadings, was correct. It is true there was no special instruction concerning the acceptance of the cattle or its effect, but plaintiff requested none.

6. The court refused an instruction requested by defendant that the action was brought upon the written as well as the oral contract. As already appears in this opinion we think this instruction was correct but the error in its refusal was in favor of defendant, the effect being to cancel one of the causes of action stated in the complaint.

7. Defendant requested and was refused an instruction that the written contract was in full force until for- feited by plaintiff, which of course it was, but we can see no purpose in the instruction after the cause of action on the written contract had been eliminated.

8. Defendant was refused an instruction containing the statement, that while the writing was in force "no oral contract * * * covering the subject matter of the written contract can be used for the purpose of varying, adding to, or altering said written contract." The refusal was right. It is elementary that after a written contract has been made, the parties may alter it orally at will. Wig. Ev. § 2441; 22 C. J. 1273; *Hatch v. Fritz,* 48 Colo. 530, 111 Pac. 74, and cases cited. *Cerrusite Co. v. Steele,* 18 Colo. App. 216, 70 Pac. 1091.

It is not necessary to discuss the other assignments.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.