No. 15,223.

DOMINION OIL COMPANY *v*. LAMB ET AL.

(149 P. [2d] 660)

Decided June 5, 1944.

Mr. WARWICK M. DOWNING, Mr. RICHARD DOWNING, for plaintiff in error.

Messrs. YEAMAN, GOVE & HUFFMAN, Mr. SHERMAN A. SUTLIFF, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THE Dominion Oil Company, plaintiff in error and plaintiff below, brought this action seeking specific performance of a written agreement it had with defendants, John J. and Elizabeth D. Lamb, husband and wife, and

prayed, inter alia, "that if for any reason specific performance cannot be had, the plaintiff recover damages" in the sum of $125,000. Defendants demurred to the complaint; the demurrers were sustained; plaintiff elected to stand, and the action was dismissed. Plaintiff seeks a reversal on a writ of error.

The only question here presented for determination is, Does the complaint state a cause of action? We think it does.

The contract provided in substance that, whereas Lamb had filed an oil and gas application on certain real estate in Wyoming, on which he was entitled to an unrestricted patent by reason of the fact that it was his original homestead, and the oil company believing that it might be able to have the oil and gas content of the said land restored to Lamb in "whole or in part," that in consideration of the company's effort to have the mineral rights of said land restored to Lamb he should "execute and deliver" to the oil company "an assignment of one-half of the oil and gas content of said land."

The complaint, supported by a bill of particulars, alleges that services were rendered by plaintiff which resulted in obtaining for the Lambs the benefit and ownership of the mineral rights on "an extremely valuable forty-acre tract."

No reason is assigned by the trial court for its action in sustaining the demurrers, but the principal contentions made by defense counsel are that the language, "to have the oil and gas content of the said land restored," means that Lamb would get an unrestricted patent of the oil and gas rights to all the land described in the contract, and that the contract is too ambiguous and uncertain to be subject to specific performance.

We do not agree with either of these contentions, because the words "in whole or in part" indicate that at the time the agreement was executed, something less than an unrestricted patent (which it is admitted Lamb

had waived in writing) was definitely contemplated by the parties, and as to the alleged uncertainty, there is none as to the forty-acre tract on which the company obtained the rights mentioned in the complaint. We think the elements of certainty and definiteness as outlined in *Crumley v. Shelton,* 71 Colo. 466, 208 Pac. 460, sufficiently appear in the complaint.

Much of the argument of defense counsel is devoted to what they will be able to show as to the nature of the services alleged to have been performed, and in support of their contention that none in fact were rendered by the plaintiff, all of which are matters that may be raised by answer. What may be the legal effect of the oral modifications cannot now be determined. Such modifications do not of necessity preclude recovery. *Arkansas Valley Bank v. Esser,* 75 Colo. 110, 224 Pac. 227.

After carefully considering the pleadings and arguments of counsel, we are of the opinion that the complaint states a cause of action, and that the demurrers were erroneously sustained.

The judgment is reversed and the cause remanded with directions to reinstate the action, overrule the demurrers and proceed in harmony herewith.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.