**CROW–WATSON PROPERTIES, INC., a Colorado corporation, Plaintiff-Appellant and Cross-Appellee,**

v.

**Patricia A. CARRIER, Defendant-Appellee and Cross-Appellant.**

**No. 84CA1031.**

Colorado Court of Appeals,
Div. I.

March 6, 1986.

Rehearing Denied April 10, 1986.

Dietze, Davis & Porter, P.C., John F. Hensley, Peter C. Dietze, Boulder, for plaintiff-appellant and cross-appellee.

Bosworth & Slivka, P.C., Arthur H. Bosworth, II, Diana Blair, Denver, for defendant-appellee and cross-appellant.

BERMAN, Judge.

In this C.R.C.P. 102 proceeding, plaintiff, Crow-Watson Properties, Inc., appeals the merits of the judgment of the district court in favor of defendant, Patricia A. Carrier. It challenges the court's ruling which discharged plaintiff's. writ of attachment on the grounds that plaintiff had not shown by a reasonable probability that defendant had fraudulently conveyed her assets so as to hinder or delay one or more of her creditors, the basis for the issuance of a writ of attachment pursuant to C.R.C.P. 102(c)(5). Defendant cross-appeals the procedural ruling of the district court in favor of plaintiff. In that ruling, the court refused to discharge the plaintiff's writ of attachment on the grounds that service, execution, and return of the necessary writs and notices by plaintiff complied with the requirements prescribed in C.R.C.P. 102(g) and (h). We reverse as to the merits and affirm as to the procedural ruling.

Defendant entered into a contract to sell certain property to plaintiff for approximately one million dollars. Defendant conveyed the property to plaintiff, warranting that the property was free and clear of all encumbrances. Subsequently, plaintiff learned that prior to the conveyance, defendant had obtained a loan from the United Bank of Lakewood in the amount of $575,000, which loan was secured by a recorded deed of trust encumbering the property sold to plaintiff.

Following the closing, defendant opened a savings and checking account at the First National Bank of Arapahoe County in which she placed the sale proceeds. Defendant then depleted almost the entire amount of the proceeds in three months. She did this by transferring large sums of the proceeds to a builder as payment for a home for herself, purchasing a certificate of deposit, purchasing an automobile, and granting numerous interest-free loans.

Plaintiff filed a lawsuit against defendant to recover the amount encumbered by the loan against the property. Pursuant to C.R.C.P. 102(c)(5), plaintiff obtained a prejudgment writ of attachment against defendant. Defendant, pursuant to C.R.C.P. 102(n), filed a motion to traverse the affidavit as well as a motion to discharge the attachment. The court denied the motion to discharge the writ of attachment on procedural grounds, holding that plaintiff had complied with the procedural requirements of C.R.C.P. 102(g) and (h).

However, the court granted the motion to discharge the writ on the merits, holding that plaintiff had not shown by a reasonable probability that defendant had fraudulently conveyed her assets so as to hinder or delay one or more of her creditors, as required by C.R.C.P. 102(c)(5). These appeals ensued.

I.

The first issue we address is whether plaintiff has proven, as required by C.R.C.P. 102(c)(5), that there is a reasonable probability that defendant "fraudulently conveyed, transferred, or assigned [her] property ... so as to hinder or delay [plaintiff]." We hold that such probability exists and, therefore, reverse the court's findings on the merits of this case.

To obtain the issuance of a writ of attachment it must be shown by affidavit or testimony that any one of the enumerated causes set forth in C.R.C.P. 102(c) exists. C.R.C.P. 102(n) provides that a defendant may traverse and place in issue the matters alleged in the affidavit upon which the attachment is based. A hearing on the defendant's traverse is conducted, and if the plaintiff establishes by a reasonable probability that any one of the causes alleged in the affidavit exists, the writ of attachment may not be dissolved. C.R.C.P. 102(n).

At the hearing, plaintiff submitted the following transfers of the sale proceeds by defendant to establish the reasonable probability that defendant had made fraudulent conveyances: (1) the transfer of $250,000 to one Jack Primack as payment for a home titled in the name of defendant; (2) defendant's purchase of a certificate of deposit in the amount of $120,000; (3) defendant's transfer of $26,000 to purchase a Mercedes Benz automobile; and (4) defendant's interest-free loans totalling $125,000 to various individuals. It further demonstrated that all such transfers were made within three months of the sale of the property.

Defendant contends that the existence of an intent to defraud her creditors is a necessary element and must be proven in order to sustain the attachment. We disagree.

█ To justify attachment on the ground that the debtor has transferred his property so as to hinder or delay his creditors, it is not necessary to show that the transfer was made with a dishonest motive or with a purpose to cheat creditors and deprive them of the power ever to realize on their claims. *Curran v. Rothschild*, 14 Colo.App. 497, 60 P. 1111 (1900). If a debtor assigns or transfers his property for the purpose of hindering or delaying his creditors in the collection of their claims, his act is fraudulent within the meaning of the law and will justify an attachment although he may intend that eventually the proceeds of the property shall be applied to

the payment of their claims. *Curran v. Rothschild, supra. See Chaffin, Inc. v. Wallain*, 689 P.2d 684 (Colo.App.1984) (fraudulent intent may be proven by circumstances as well as by direct proof and attachment may be sustained based solely on the circumstantial evidence of intent).

█ Here, the record indicates that defendant did not disclose to the plaintiff the loan encumbering the property because she was embroiled in a dispute with the title company and felt that non-disclosure would be a form of revenge against the company. There is no indication that she eventually planned to repay the loan with the proceeds from the sale of the property. The circumstances and direct proof here lead to the conclusion that by conveying and disposing of the sale proceeds in the nature and manner in which defendant did, it was reasonably probable that she intended to hinder and delay her creditors from their rightful claims. *See Chaffin, Inc. v. Wallain, supra.* Thus, the refusal to grant plaintiff the writ of attachment was error.

## II.

The final issue we address is whether the procedures for service, execution, and return of the necessary writs and notices prescribed in C.R.C.P. 102(g) and (h) were complied with by plaintiff. We hold that they were and, therefore, affirm the court's procedural ruling in this case.

Defendant argues that the issuance and execution of the writ of attachment failed to conform to the procedural requirements of C.R.C.P. 102(g) and (h). However, defendant has confused the requirements for the issuance of the writ, and for the subsequent execution of the writ.

█ Plaintiff complied with all the requirements for issuance of the writ, and for giving notice of the issuance. It filed a motion for a writ, an order was entered, and the defendant was served. With these steps defendant was personally served with notice that the court had issued a writ of attachment. *See* C.R.C.P. 102(g).

Plaintiff also complied with all the requirements for execution of the writ. The writ was personally served on the property owner, notice was given to the owner, and a notice that the writ was recorded was also given to the owner. With these steps the writ was properly executed. *See* C.R.C.P. 102(h).

The defendant's final argument is that not only must the writ of attachment be executed by a sheriff pursuant to C.R.C.P. 102(h), but also that the notice of the issuance of the writ must be served on the defendant only by a sheriff. C.R.C.P. 102(g) simply provides that the writ "shall be served in like manner and under the same conditions as are provided in these rules for service of process." C.R.C.P. 4(d)(1), the general rule concerning service of process, provides that "service of process may be made ... by any person over the age of eighteen, not a party to the action." Therefore, service of the writ of attachment on defendant by a private process server met the due process standards of requiring notice. *Raynolds v. Ray*, 12 Colo. 108, 20 P. 4 (1888); *Great Western Mining Co. v. Woodmas of Alston Mining Co.*, 12 Colo. 46, 20 P. 771 (1888). Thus, the procedures for service, execution, and return of the necessary writs and notices prescribed in C.R.C.P. 102 were complied with.

The judgment of the trial court concerning the merits of the writ of attachment is reversed. The judgment of the trial court concerning the procedures followed in effecting the attachment is affirmed. The cause is remanded with directions that the writ of attachment be reinstated.

PIERCE and TURSI, JJ., concur.