No. 9936.

STAFFORD *v.* THE NATIONAL GRANITE COMPANY.

Decided January 9, 1922.

Action to quiet title to real estate. Judgment for plaintiff.

*Affirmed.*

1. TENANCY—*Tenants in Common—Taxes.* While as a general rule one of two tenants in common may not acquire by tax purchase the interest of his fellow, the rule does not apply to a purchaser who procures a tax deed by virtue of a sale for taxes which should have been paid by his co-tenant alone.

2. ACTIONS—*To Quiet Title—Possession.* An action to quiet title to land will lie, the plaintiff having title but not actual possession, if the land is unoccupied.

3. APPEAL AND ERROR—*Objections—Assignments of Error.* Objections not specified in the record nor in the assignments of error, will not be considered on review.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Mr. THOMAS A. NEVENS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and obtained a decree quieting its title to an undivided three-fourths interest in land in Chaffee County. The defendant, Stafford, brings error.

Stafford was the owner of an undivided three-fourths of the land. He conveyed to Phillips an undivided three-eighths by warranty deed, August 2, 1910. December 19, 1911, the whole three-fourths then belonging to Phillips and Stafford was sold to Chaffee County for the tax of 1910. October 12, 1914, the County assigned the certificate to Phillips, and it is stipulated in the record that on February 1, 1915, "a treasurer's deed, based on such tax sale, was issued to A. B. Phillips, covering the said property    *    *    *. The tax-deed conveys the whole three-fourths interest." On September 10, 1919, Phillips gave a warranty deed of the whole three-fourths to the plaintiff company.

The defense was that the parties were tenants in common and that one cotenant may not acquire by tax purchase the interest of his fellow.

That is the general rule, but it is based upon the theory that each cotenant owes to the other a duty; that each occupies a position of trust toward the other. *Bennet v. The N. C. S. L. & I. Co.,* 23 Colo. 470, 477, 48 Pac. 812, 58 Am. St. Rep. 281. But the deed of Stafford to Phillips having been delivered after June 30th, 1910, it was Stafford's duty under the statute to pay the taxes for that year. Phillips therefore was under no obligation to Stafford in that respect. *Cessat ratio cessat etiam lex.*

The plaintiff in error claims that the plaintiff below was not shown to be in possession, nor was it shown that the land was vacant. We think it sufficiently appears from the evidence that the land was unoccupied, in which case

the action would lie.  *Lambert v. Murray,* 52 Colo. 156, 159, 120 Pac. 415.

It is further claimed that no sufficient conveyance by tax deed is shown, because the evidence does not show that any notice was given when the time of redemption would expire, and because there is no evidence that the tax deed was recorded; but plaintiff in error did not specify these objections either in the record or in the assignments of error so we do not consider them.  3 C. J. 1373, § 1522; *C. & S. Ry. Co. v. Jenkins,* 25 Colo. App. 348, 353-5, 138 Pac. 437; *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.