## No. 11,362.

## ASLAN *v.* PARKER REALTY CO.

Decided October 5, 1925.  Rehearing denied December 21, 1925.

Action by a broker to recover commission for producing a purchaser for real estate.  Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Instructions.*  Where no error is assigned on the court's refusal to give instructions, such alleged error will not be considered on review.

2.  *Instructions—Requests.*  There is no error in the refusal to give requested instructions where they are fully covered by the instructions given by the court.

3.  *Instructions—Refusal.*  There is no error in the refusal to give requested instructions where it does not seem likely that the result would have been different had they been given.

4.  *Instructions.*  Where no assignment is presented on alleged error of the court in giving instructions, it will not be considered on review.

5.  *Remarks of the Court.*  Where no objection is made nor exception saved to alleged prejudicial statements of the court, assignments based thereon will not be considered on review.

6.  EVIDENCE—*Exclusion.*  Where in a real estate transaction, the purchaser was to pay a specified sum of money on or before a certain time, the owner declining to accept the purchaser, it became immaterial whether he could make the stipulated payment or not, and the exclusion of the offered testimony on that point was not error.

7.  APPEAL AND ERROR—*Harmless Error.*  There is no error in the admission of testimony which could in no sense have been harmful to the complaining party.

8.  BROKERS—*Real Estate—Commission.*  In an action by a broker to recover a commission for producing a purchaser for real

estate, the evidence is held sufficient to sustain a finding of the jury that plaintiff produced a purchaser who was ready, able, and willing to buy the property at the price and on the terms fixed by defendant.

9. APPEAL AND ERROR—*Evidence—Restricted Examination.* In an action for a real estate broker's commission, the contention of defendant that she was precluded from fully examining the prospective purchaser as to his ability to pay, overruled.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. CHARLES ROSENBAUM, for plaintiff in error.

Mr. F. J. KNAUSS, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error, a corporation, brought this suit against plaintiff in error to recover a commission for producing a purchaser for real estate of plaintiff in error, and recovered judgment for the amount claimed. The parties will be referred to here as in the lower court. The defendant brings the case here for review, and applies for supersedeas.

1. The defendant contends that the court erred in refusing to charge the jury as requested. As no error was assigned on the court's refusal to so instruct, we need not consider this alleged error. *Stafford v. National Granite Co.,* 70 Colo. 572, 574, 203 Pac. 673; *Colorado etc., Co., v. Jenkins,* 25 Colo. App. 348, 355, 138 Pac. 437.

However, there appears no error in the court's ruling. The instructions given appear to fully cover the instructions requested, and furthermore it does not seem likely that the result would have been different if the instructions requested had been given. *Modern Woodmen v. White,* 70 Colo. 207, 219, 199 Pac. 965, 17 A. L. R. 393.

2. No assignment is based on the alleged error of the court in giving instruction No. 6, and we need not consider it.

3. No objection was made, and no exception saved, to the statement of the court that "he may not have had the cash in the bank on the 29th, but if he had it within thirty days that would have been sufficient," and we need not, therefore, consider assignments of error Nos. 6 and 7.

4. Error is assigned on the ruling of the court in sustaining objections to the following questions: "Q. Did you have $24,000.00 in cash at the time you signed this receipt? Q. Did you have $24,000.00 in cash thirty days thereafter?"

We do not think there was error in the court's ruling. According to the receipt the $24,000 was to be paid on or before thirty days. It was dated December 29, 1924. The purchaser was not required to have the cash on hand at the time he signed the receipt. Before the thirty days thereafter had expired, and about January 11th, the defendant had refused to accept Moore as a purchaser, and had refused to consummate the deal. It was, therefore, wholly immaterial whether Moore had that sum in cash thirty days thereafter, or not.

5. Defendant also contends that the court erred in holding that the receipt, Exhibit B, was a contract of purchase, and in holding that it was not an option, and in holding that it was in accordance with the terms of the listing. The receipt, contract or option, or whatever it may be designated, was admitted in evidence without objection. The instructions which the court gave, designated or referred to Exhibit B, as a contract of purchase, but no objection was made to any of the instructions given except to instruction No. 6. Whatever Exhibit B might be called, it was important only as evidence showing the readiness and willingness of Moore to purchase the property at the price named, and could, in no sense, have been harmful to defendant.

6. Defendant's main contention is that the evidence

fails to show that plaintiff produced a purchaser who was ready, willing and able to purchase the property for $55,000, on terms stated by defendant in her original contract with the plaintiff.

The jury must necessarily have found, and there was evidence to sustain the finding, that defendant listed the property with the plaintiff to be sold by plaintiff for $55,000, out of which defendant would pay plaintiff the usual and customary commission. If, therefore, plaintiff produced a purchaser, ready, willing and able to purchase the property at the price named, and defendant refused to consummate the sale, then she is liable to plaintiff for the commission claimed, and the question is, Was there sufficient evidence to sustain the finding of the jury that plaintiff did produce such a purchaser?

Moore, the prospective purchaser, testified that when he signed the receipt, he gave the plaintiff a check for $1,000, to apply on the purchase price of the property; that at the time of signing that instrument and subsequently, he was ready to buy the property upon the terms stated therein, to-wit, $55,000; and that he was willing to buy it.

The witness further testified that he had the money with which to pay for the property; that he had made arrangements to procure $24,000, in cash either at that time or within thirty days from that time; that he had made arrangements with the people having the mortgages, Carringer-Beaver Investment Company, that they would cash them in immediately; that he had with those people paper to the amount of $18,500. The witness further stated, when asked the question, "Q. How much money did you have in the bank on December 29th?" that he could prove to the court he had a sufficient amount; that he had at that time ten to twelve thousand in excess of what he should pay the defendant for the property; that he had it in collateral mortgages that would have brought that amount in cash. The witness said he could get his bank statement showing what he had in the bank, and then

added: "I can bring all the people in the world to say I had sufficient collateral, ten or twelve thousand dollars in excess of what was necessary for this transaction, if you are going into business,—intimate business." "Q. In what manner did you expect to make these payments; through such cashing in of this collateral? A. With the balance I had in the bank, and the credit I had with the Gallup Rental Agency, with back balance on loaned money I hadn't drawn out, and payments that had been made on property, and second paper would have given me sufficient collateral to raise the money within a week's time, not alone thirty days. Q. You didn't have it at that time, the cash? A. I had it in thirty days."

This evidence seems quite sufficient to sustain the finding of the jury and we cannot disturb it.

7. The defendant further contends that the court erred in refusing to permit her to fully examine the witness Moore as to what notes he had which he expected to negotiate in order to make the cash payments required, and as to his financial ability to make payment for the property. The witness appears to have been fully interrogated, and we find no error in this respect. The questions asked, to which objections were made and sustained, referred to a few small notes which the witness said that for confidential business reasons he would not care to name the makers of the notes, but was willing to give the amounts.

Finding no reversible error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.